[PHILADELPHIA, FEBRUARY, 1832.]

## LEE *against* DEAN.

### IN ERROR.

An alderman has no jurisdiction of an action to recover damages for a deficiency in quantity, on a contract for the sale of land.

WRIT of error to the Court of Common Pleas of *Philadelphia* county.

The defendant in error, *John Dean*, was plaintiff below, and the plaintiff in error, *William Lee*, was defendant below.

*Brewster*, for the plaintiff in error.

*Graham*, for the defendant in error.

The opinion of the court was delivered by

ROGERS, J.—The defendant *Lee*, sold to the plaintiff *Dean*, a tract of land, in the state of *New Jersey*, containing seventy-two acres, more or less, for one thousand dollars. *Dean* paid *Lee* the purchase money, and in all other respects complied with his contract, and *Lee* gave him a deed, which he accepted for the land. *Dean* brings suit before an alderman of the city of *Philadelphia*, alleging that there is a deficiency of one acre, and one hundred and four perches, and for this he demands damages. The only question, which it will be necessary to notice is, whether the alderman had jurisdiction of the cause. In conferring jurisdiction on inferior courts, held by aldermen and justices of the peace, the legislature have evinced great care in withdrawing from them a certain description of cases, which, it is supposed, may be more safely lodged in courts of a more general jurisdiction. In the first section of the act of the 20th *March*, 1810, it is enacted, that the justices of the peace of the several counties of this commonwealth, shall have jurisdiction of all causes of action, arising from contract either express or implied, in all cases, where the sum demanded is not above one hundred dollars; " *except in cases of real contract, where the title to lands or tenements may come in question.*" And in the act of the 22d *March*, 1814, they have been equally careful to limit their jurisdiction. " Nothing in the act contained, (referring to the act regulating the proceedings of justices of the peace and aldermen in cases of trespass, trover and suit,) shall be construed to extend to actions of ejectment, replevin, or slander, *actions on real contract for the sale, or conveyance of lands and tenements.*" The acts are *in pari materia* and in effect,

speak the same language, about the meaning of which there can be but little difficulty. " Real contracts," means contracts in respect to real property. It is not where the title does, but where it may come in question, which is in every case of contract for the sale or conveyance of lands and tenements. A judgment by a justice of the peace does not bind real property, nor can he take lands in execution. In short, a justice of the peace as such has nothing to do with that species of property. What then, was this case, but a reference to a justice to put a construction on a contract for the sale of land, involving principles, which at all times, are among the most nice, difficult and technical in the law. The plaintiff says, " by my contract I have a right to seventy-two acres of land, and you have conveyed to me but about seventy, and for this I claim damages." This demand, we think, comes clearly within the letter and spirit of the act. We are of opinion, that the aldermen had no jurisdiction, and that the judgment should be reversed.

Judgment reversed.