## Campbell *against* Gallagher.

A justice of the peace has not jurisdiction to recover money paid upon a contract for the sale of land, afterwards rescinded because of a defect of title in the party who covenants to convey.

WESTMORELAND county.

John Gallagher covenanted to convey to William Campbell a lot of ground for a certain consideration, a part of which was paid. Campbell paid a part of the purchase money, and tendered the balance, and demanded a deed, which Gallagher could not give to him because of incumbrances which existed upon the lot. Campbell pleased to rescind the contract, and brought this action before a justice of the peace to recover the money which he had paid on its account. The only question which arose was, whether a justice of the peace had jurisdiction of the subject matter of the action. The court below (Young, president) was of opinion that the justice had not jurisdiction; and the judgment was accordingly.

*J. Findley*, for plaintiff in error.
*J. B. Alexander*, contra.

PER CURIAM.—Jurisdiction is committed to justices of the peace, of causes of action arising from contract, in all cases where the sum demanded is not above one hundred dollars, " except in cases of real contract, where the title to lands or tenements may come in question ;" and the argument is, that the action is not on the original contract, but in disaffirmance of it. But the legislature have not said that the action in the excepted cases must necessarily be on the contract; it is sufficient to exclude from |jurisdiction that it arises *from* it. There are few cases of real contract in the technical sense of the word; and the meaning evidently is, that a justice shall not hold jurisdiction where title to real property is directly or indirectly involved. Was it not involved here ? The right of the purchaser to have the purchase money refunded, confessedly depended on the invalidity of the title sold, and the court very properly excluded evidence of a demand which could not regularly come before it by appeal. (*a*)

Judgment affirmed.

(*a*)  See Sechrist *v.* Connellee, 3 *Penns. Rep.* 383.—REPORTER.