## Doud *versus* Truby.

1. A justice of the peace has not jurisdiction to enforce the payment of the purchase-money of land, either in the hands of the vendor or of his assignee.

ERROR to the Court of Common Pleas of *Armstrong county*.

The facts of the case are fully stated in the opinion of the court, delivered December 20, 1852, by

WOODWARD, J.—The material facts of this case, in their most condensed form, are as follows:

In the spring of 1844, Truby, as sheriff of Armstrong county, sold the personal property of Robert Shirley, on an execution issued at the suit of *Joseph Orr* v. *Robert Shirley and Joseph S. Shirley*.   At this sale, several articles were stricken off to Mrs. Shirley, the wife of Robert, amounting to $36.11¼.

Subsequently to this sale, on the 4th March, 1844, Robert Shirley, by written articles of agreement, sold to Robert M. Doud, the defendant below, and plaintiff in error, a tract of land for $600, to be paid, $100 on the 1st April, 1844, and the residue in yearly instalments of $100 each.   On the 22d March, 1844, R. M. Doud paid Orr $50, and Sheriff Truby $21, on said execution.   It was alleged that he had agreed with Shirley to pay Truby $50 more for the purchases of Shir-

[Doud *v.* Truby.]

ley's wife, at the sheriff's sale, and the costs; and that Truby had consented to take him for the $50. This action was founded on that promise. The payment promised, was on account of the purchase-money of the land. The sixth count of the plaintiff's narr. expressly charges, that Doud, being indebted to Shirley for the purchase-money of real estate, *in consideration thereof, undertook* and promised to pay the plaintiff, &c.; and the evidence proved that the $50 was to be paid out of the hand-money for the land.

Doud, finding that there were liens against the real estate, sufficient to absorb the whole purchase-money, refused to pay the sheriff. The sheriff brought this action before a justice of the peace, to recover the $50; and, on appeal to the Common Pleas, among other grounds of defence, the jurisdiction of the justice was denied. The court sustained the jurisdiction, and the plaintiff recovered a verdict and judgment.

To us, it seems most plain, that the contract was real, and not within the jurisdiction of the justice. What more was there in the transaction, than the appointment of the sheriff to receive $50 of the purchase-money of the land? If there was any promise to the sheriff, the land was the consideration of the promise. It is so charged, and so proved. Whether the $50 were part of the $600 mentioned in the article, or additional to that sum, it was to be paid for land. About this, there seems to be no ground to doubt. The promise to pay it to Sheriff Truby instead of Shirley, did not alter its nature, or involve any new consideration. It was, in fact, an assignment by Shirley to the sheriff, of so much of the purchase-money, payable by Doud. The sheriff could no more sue for it before a justice, than Shirley could. It is not the relation of the parties, but the quality of the contract, which determines the jurisdiction. Where title *may* come in question, the statute excludes jurisdiction, and *may* does not mean *shall*. *Sechrist* v. *Connllee*, 3 Penn. R. 388. Its meaning is, *liable to come in question; Goddard* v. *McKean*, 6 W. 337; and it is sufficient to exclude jurisdiction, where the action is not *on*, but arises *from* a contract in relation to land. *Campbell* v. *Gallagher*, 2 Watts, 135.

It was suggested by the court below, and is insisted on here, that the transaction fell within the rule laid down in *Camp* v. *Walker*, 5 W. & S. 484. The point ruled there is, that a negotiable note given for land is, in the hands of an indorsee, within the jurisdiction of the justice. But this is on account of the mercantile character of the paper, which forbids inquiry into the consideration. Here there was no negotiable note; nor a single mercantile feature given to the transaction; and *Camp* v. *Walker* has no application.

This objection to the jurisdiction of the justice may be ungracious, under all the circumstances, but with that we have nothing to do. It was well taken, and we are bound to sustain it. Sustaining it, the other assignments of error disappear from the cause.

The judgment is reversed.