THE STATE, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PROSECUTOR, v. JOSEPH 'R. TAYLOR, ADMINISTRATOR, &c.

1. When the losing party, in a suit in the District Court, gives notice of an appeal to the Court of Common Pleas and files his appeal bond, and the District Court thereupon sends to the appellate court a transcript of the proceedings, an appeal is taken within the meaning of the District Court act, notwithstanding the fact that the appeal bond is not filed within the time prescribed by the statute, and that the appellate court for that reason refuses to entertain the appeal and remits the transcript to the trial court.

2. The provisions of the District Court act, which regulate the matter of adjournments, only relate to the trial of the cause and to such other proceedings therein as require the attendance of the parties in order that their interests may be conserved. They do not preclude the court, at the conclusion of the trial, from reserving its decision for a reasonable time without fixing a day for the rendition of its judgment.

---

On *certiorari.*

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Edward Ambler Armstrong.*

For the defendant, *Alexander Gray.*

The opinion of the court was delivered by

GUMMERE, J. The District Court of the city of Camden rendered judgment against the prosecutor in an action brought

against it by the defendant, and we are now asked to set that judgment aside on the ground that the court was without jurisdiction to render it.

It appears by the return made by the District Court to the writ of *certiorari*, that three days after the judgment was rendered the prosecutor filed with the court a notice of appeal to the Court of Common Pleas, and five days later filed an appeal bond as required by the statute. Both the notice of appeal and the appeal bond are set out in full in the return to the writ, and ordinarily the taking of these steps would constitute an appeal. *Thompson* v. *Wright*, 2 *Gr.* 38 ; *Rodenbough* v. *Rosebury*, 4 *Zab.* 491.

It is, however, stated in the brief of counsel for the prosecutor that "after judgment was rendered, notice of appeal was given, but no appeal was ever legally made; and while the clerk of the District Court improperly sent the papers to the Court of Common Pleas, they were returned by that court to the District Court as having been improperly sent; and it is agreed between counsel that such is the state of facts." Counsel for the defendant, too, in his brief, states that "no appeal was legally taken to the Common Pleas, and that had there been a legal appeal properly taken the Common Pleas would not have dismissed the appeal."

The first question, therefore, which the case presents for consideration is whether an appeal was, in fact, taken from the judgment of the District Court to the Court of Common Pleas ; for, if such appeal was taken by the prosecutor, it is not now entitled to have the judgment of the District Court reviewed here, even if it appears that such judgment was *coram non judice.* The statute (*Gen. Stat., p.* 1264, § 276) gives the party injured by such a judgment relief by appeal to the Common Pleas, or he may, at his option, resort to the remedy by *certiorari* (*Ritter* v. *Kunkle*, 10 *Vroom* 259); but having selected one remedy and failed to obtain the relief sought by it, the aggrieved party cannot afterward avail himself of the other. *Illingworth* v. *Rich*, 29 *Vroom* 507.

Was there, then, an appeal taken? The situation, gathered

from the facts set out in the return to the writ and from the statements of counsel, seems to be this: After the judgment was rendered, notice of appeal was given and an appeal bond filed, as has been already mentioned, and the clerk of the District Court thereupon sent to the appellate court a transcript of the proceedings in the cause. The appellate court, when the matter came before it, dismissed the appeal and returned the transcript to the trial court, on the ground, as stated by counsel, that the appeal had not been legally taken. In what the illegality consisted is not mentioned in the briefs of counsel nor in the proceedings sent up. Presumably, however, it lay in the failure of the prosecutor to file its appeal bond within five days after the rendition of the judgment, in accordance with the requirement of the statute, as such failure would ordinarily invalidate the appeal and necessitate its dismissal by the Court of Common Pleas. *Delaney* v. *Burcklee,* 28 *Vroom* 323.

It seems to me that the taking by the prosecutor of the steps referred to constituted the taking of an appeal within the meaning of the District Court act. By the serving of the notice of appeal and the filing of the appeal bond, and the subsequent sending by the District Court of the transcript of the proceedings to the Court of Common Pleas, the case was removed into the latter court, and judicial action by that court was necessary in order to determine whether or not the prosecutor had observed the mandate of the statute in taking his appeal. It was only because an appeal was taken that the Court of Common Pleas was required to act; unless there was an appeal the case could not have been before that court for its consideration, and it could not have been called upon to decide whether or not the appeal bond had been filed within the statutory period. Considering, as I do, that the prosecutor, by giving notice of appeal and filing its bond, elected to pursue its remedy by appeal, I am of opinion that it is not now entitled to have the judgment of which it complains removed into this court for review by *certiorari,* not-

withstanding the fact that the remedy selected by it has proved abortive by reason of the delay in filing the bond.

But even if I had reached the conclusion that no appeal had been taken from this judgment to the Court of Common Pleas, I should still think that the writ in this case was improvidently issued, for it is only in cases in which the judge is without jurisdiction that the remedy by *certiorari* exists (*Gen. Stat.,* p. 1229, § 87), and in this case it is quite clear that there was jurisdiction. The only grounds upon which jurisdiction is challenged by the prosecutor are, first, that suit was instituted against it by the defendant individually, but that judgment was entered against it in favor of the defendant as administrator of his deceased wife; and second, that the judgment was pronounced after the case had been adjourned by the court for an unlawful length of time and for an indefinite period. As to the first ground of challenge it is enough to say that, although the suit was instituted in the name of the defendant individually, the proceedings were afterward amended by the court so as to permit the further prosecution of the suit by him as administrator. The power of amendment bestowed upon the District Courts is amply sufficient to permit an amendment of this character. *Gen. Stat.,* p. 1233, § 103. There is no substance, therefore, in this objection. Nor can the second ground of challenge be sustained. The case was not adjourned for an unlawful length of time, for the judge of a District Court is authorized to adjourn, as in his judgment may be necessary, any suit or proceeding from time to time and for such periods as he may direct. *Gen. Stat.,* p. 1255, § 225. Neither was it adjourned for an indefinite period. It was originally tried on the 26th of August, 1895, but was not then decided, the court hearing the argument of counsel on the 9th of September. After hearing argument and before reaching a decision on the case, the court, on November 25th, listened to an application for a rehearing, and adjourned the argument on that application from time to time until January 17th, 1896, when the matter was argued. The court reserved its decision on the whole

case without fixing a day when it would be announced, and, on the 20th of January, rendered the judgment under review. It was the reservation of its decision by the court, without the adjournment of the case to a future day for the purpose of declaring its conclusion, that is challenged by this last objection. But as I understand the provisions of the District Court act which regulate the matter of adjournments, they only relate to the trial of the cause and to such other proceedings therein as require the attendance of the parties in order that their interests may be properly conserved. At the conclusion of the trial the judge may reserve his decision for a reasonable time without fixing a day for the rendition of the judgment.

The judgment of the District Court should be affirmed, with costs.