# Martin v. Ingersoll.

An Alderman, Ex Officio Justice of the Peace has no jurisdiction of an action to recover damages for an alleged breach of warranty contained in a deed conveying land.

ALDERMAN'S JURISDICTION—DAMAGES FOR BREACH OF WAR-
RANTY CONTAINED IN DEED—JUSTICES' JURISDICTION OF
CASES OF BREACH OF CONTRACTS FOR LANDS—JURISDIC-
TION OF COMMON PLEAS ON APPEAL FROM ALDER-
MAN WHO HAS NO JURISDICTION.

No. 189, Feby. Term, 1902, C. P. Erie Co.
J. W. Allison for Plaintiff.
Clark Olds for Defendant.
Opinion by WALLING, P. J., April 13, 1903.

## DEMURRER TO PLAINTIFF'S STATEMENT.

The defendant by warranty deed conveyed land in Erie city to the plaintiff and this suit was brought before the Alderman to recover damages for an alleged breach of warranty, the plaintiff averring that at the time of said conveyance the city had a lien against said land for some municipal improvement. The demurrer raises the question of the Alderman's jurisdiciton to hear such an action. The Acts of 1810 and 1879 exclude the Justices' jurisdiction "cases of real contracts where the title to lands or tenements may come in question."

A Justice of the Peace has no jurisdiction of an action to recover damages for a deficiency in quantity on a contract for the sale of land.

### CITATIONS:

Lee v. Dean, 3 Rawle 325.

Nor to recover money paid on a contract for sale of land, afterwards rescinded because of defective title.

Campbell v. Gallagher, 2 Watts 135.

Nor of an action on a note given in consideration of the right to dig a mill race.

Goddard v. McKean, 6 Watts 337.

The act expressly excluded from a Justice's jurisdiction of every suit or contract concerning or in any way connected with realty.

Lauchner v. Rex, 20 Pa. 468. Opinion by Chief Justice Black.

In the light of the above authorities it is clear to my mind that the Alderman has no jurisdiction in this case and therefore we have none on appeal.

And now, April 13, 1903, the demurrer to plaintiff's statement in above case is sustained, and the suit is dismissed for want of jurisdiction, and at the costs of the plaintiff.

Reported by J. E. Reed, Esq.,

Erie, Pa.