## Gramigna v. Brieg, Executrix.

*W. L. Schanz,* for plaintiff; *J. K. Peck,* for defendant.

NEWCOMB, P. J., May 1, 1931.—This quasi demurrer to plaintiff's statement assigns three reasons, each one a bit more general than the other, viz., (1) it doesn't set forth a good cause of action; (2) the suit is irregular and improperly brought; (3) the statement is defective in other respects.

One would ransack such pleading in vain to discover what specific objection counsel had in mind. But perhaps the second assignment may serve to raise the fundamental question of jurisdiction, though it would seem to have been a chance shot.

Plaintiff sued for damages for breach of his grantor's covenant of general warranty of title to land conveyed in 1919.

In 1930 it was discovered that the land had been mortgaged in 1877 to secure the payment of some thousands of dollars in 1879. Grantor is dead and defendant is his personal representative. She refused to move to clear the record, and eventually it was so done on plaintiff's petition. The incidental expenses amounted to something more than $200, to recover which he brought suit.

By the respective briefs the battle is waged around the question whether the expenditure was not purely voluntary, as claimed by defendant, because of the age of the mortgage debt. It antedated the organization of this county, the mortgage being recorded only in Luzerne. The debt was more than fifty years overdue when the trouble began.

To this it is answered that plaintiff's negotiation for a loan turned on the discharge of this lien; and that no doubt is true.

Regardless of the merits, counsel would have taken the line of least resistance had they not overlooked the fact that the case is here on appeal from the judgment of an alderman who has no jurisdiction of a cause "where the title to lands or tenements may come in question:" Act of March 20, 1810, 5 Sm. Laws 161, section 1; 42 PS § 242. This, for example, excludes the following actions: To recover purchase money on rescission of an agreement because of defective title: Campbell *v.* Gallagher, 2 Watts 135; or to recover damages for a deficiency in quantity: Lee *v.* Dean, 3 Rawle 325; or on a note given in consideration of a right to dig a mill race: Goddard *v.* McKean, 6 Watts, 337. See, also, Lauchner *v.* Rex, 20 Pa. 464.

What may be regarded as the precise question was decided by Mr. Justice Walling when President Judge of Erie County. In that case the encumbrance, the existence of which was pleaded as a breach of warranty, was a municipal lien. Suit on appeal from the judgment of a magistrate was challenged by demurrer, and the challenge sustained for want of jurisdiction in the justice of the peace: Martin *v.* Ingersoll, 1 Justices' Law Repr. 233.

The alderman here being without jurisdiction, the court gets none on appeal.

For that reason the affidavit of defense is sustained and the suit is dismissed for want of jurisdiction.

From William A. Wilcox, Scranton, Pa.