*ALBANY, October, 1829.*

Porter
v.
Miller.

---

PORTER and others *vs.* MILLER.

MOTION for judgment *non obstante veredicto.* The action was assumpsit. The defendant pleaded the general issue and an *insolvent discharge,* exempting his body from imprisonment. It was averred in the special plea, that on &c. at Lenox, in the county of Madison, the defendant being then *of the said county of Madison,* and being then and there an insolvent debtor, within the true intent and meaning of the act, &c. did present a petition to a judge of the court of common pleas of the county of Madison, &c. and that such proceedings were thereupon had, that afterwards the said judge granted a discharge, setting forth the same *in hæc verba.* In the discharge it is recited, that the defendant, " of the town of Lenox, in the county of Madison," did present his petition, &c. The plaintiffs replied, denying the granting of the discharge. The cause went to trial, the plaintiffs had a verdict on the first issue for the amount of their demand, and the jury found for the defendant on the second issue. A motion was now made for leave to enter a general judgment against the defendant, notwithstanding the verdict.

An averment in a plea of an insolvent discharge, that the defendant was "of the county" to a judge of which he presented his petition for a discharge, is sufficient to give the judge jurisdiction.

*W. J. Bacon,* for plaintiffs. The plea is defective in not averring that the defendant, at the time of the presenting of his petition, was *an inhabitant of the county of Madison* or

that he was imprisoned within the same. (Statutes, 5 vol. a. 117. 1 R. L. 463. 1 Cowen, 316. 20 Johns. R. 208. 1 id. 91. 7 id. 75.) The plea is bad in substance, and would so have been held on general demurrer, which entitles the plaintiffs to move for judgment *non obstante*. (16 Johns. R. 230. 18 id. 20. 1 Burr 301.

*J. A. Spencer*, for defendant. The plea *substantially* avers that the defendant was an inhabitant of the county of Madison. The plaintiffs might have taken issue upon ths fact, and the defect, if any, could have been taken advantage of only by special demurrer. Should the court, however, think otherwise, the defendant asks that he may be allowed to amend on payment of the costs of the circuit, should the plaintiffs elect to take issue on the question of inhabitancy.

*By the Court*, SAVAGE. Ch. J. The principle contended for by the plaintiff, that if the plea of discharge would have been subject to a general demurrer, the plaintiff may move for judgment, notwithstanding a verdict in favor of the defendant, is correct; but it does not avail the plaintiffs in this case. The defendant was undoubtedly bound to aver enough to give the officer who granted the discharge jurisdiction. This we think he did, when he alleged that he was " of the county of Madison." It was equivalent to saying, that he was *an inhabitant* of that county. The words that he was " of the county," necessarily import that he was an inhabitant of the county or resident there. The very words employed in the statute need not be used, as was determined in the case of *Roosevelt* v. *Kellogg*, (20 Johns. R. 208,) where it was holden that an averment that the defendant was " a resident of the city of Hudson, in the county of Columbia," was sufficient to give jurisdiction to the recorder of Hudson. Temporarily being in a place would not support the allegation that the defendant was *of the county*, which words import that he belonged to the county or resided there. In *Wyman* v. *Mitchell*, (1 Cowen, 316,) an averment that the defendant was an insolvent debtor " *at* Rensselaerville, in the county of Albany," was held insufficient; but that case is

clearly distinguishable from the present. The averment that the defendant was an insolvent debtor *at* Rensselaerville, might be true, and yet his residence or inhabitancy be elsewhere. The motion in this case is therefore denied.