## G. BARRETT v. JOHN CARNEY.

INSOLVENCY—PROOF OF PUBLICATION OF NOTICE TO CREDITORS.—The affidavit of the proprietor of the newspaper in which is published the notice to creditors, is competent evidence and sufficient proof of the fact of such publication. (*Schloss v. His Creditors*, 31 Cal. 203, is cited as authority.)

SIX MONTHS RESIDENCE OF PETITIONER IN THE COUNTY OF HIS DOMICIL.— Although the Insolvent Act makes a residence of six months in the county next preceding the filing of his petition, a condition precedent to the right of the petitioner to institute the proceedings for his discharge contemplated by the Act, yet it is not necessary that this fact should be stated in the petition in order to clothe the Court or Judge receiving it with jurisdiction in the premises.

JURISDICTION—WHEN PRESUMED.—It will be presumed in a collateral action, in which a proceeding in insolvency conducted to final judgment in a County Court is relied on, that the County Court had jurisdiction of the parties and subject matter upon production of the record of the proceeding alleging such jurisdiction, without other proof of the essential jurisdictional facts; and this because County Courts are Courts of record. (*Hahn* v. *Kelly*, 34 Cal., is cited as authority.)

DESCRIPTION OF DEBT IN SCHEDULE—WHAT SUFFICIENT.—Where an insolvent's schedule did not contain the name of his creditor, who was the assignee of a note imperfectly described in said schedule, nor state affirmatively therein that he was ignorant of such name, or that the owner of the note was unknown to him, but did state in the petition, to which said schedule was attached, "that the schedule of his debts and liabilities, annexed to his petition, contains the names of his creditors as near as he can state them," etc. : *held*, that this was a substantial compliance with the statute requiring the insolvent to set forth in his schedule the names of his creditors, if known.

IDEM.—Where the descriptions of an insolvent's debts are but imperfectly made in his schedule, but were sufficient to enable the creditor to identify his own demands against the insolvent, as those intended : *held*, that this is a sufficient compliance with the statute to effect a discharge from such debts.

*On petition for rehearing :*

JUDGMENT OF COURT OF RECORD PRESUMED.—Since the provisions of the statute concerning insolvent debtors prescribing the facts to be stated in the petition, does not include the fact of a six months residence in the county, it is competent to inform the Court of this fact in some other mode; and when the judgment discharging an insolvent is presented in a collateral proceeding, it will be presumed that the Court was informed of the fact of residence in some proper mode before taking jurisdiction, although not stated in the petition.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The prayer of the appellant's petition in insolvency was as follows : " Wherefore your petitioner prays to make a ces-

sion of his estate, and to be discharged from his debts in pursuance of the provisions of said [Insolvent] Act."

The other facts are stated in the opinion of the Court.

*Geo. G. Blanchard,* for Appellant.

Section twenty-one of the Insolvent Act provides that "before any other proceedings be had," the "Court shall require proof of the notice as herein provided," which rendered, simply says, that the Court shall require *proof* that the notice mentioned in section eight has been published as the Judge has ordered, before any other proceedings be had. As to *what proof*, or how it shall be proved, the statute is silent; any legal proof, or evidence of the fact, is sufficient. When the statute appoints a particular mode, that mode must be followed; when no mode is prescribed, then the general mode of proving facts is to be followed. Any person knowing the fact could make the proof.

It is not necessary to state in the petition the residence for six months in the county by the petitioner. Section two of the Insolvent Act prescribes what the petition of the insolvent *shall* contain. "He shall petition the Judge having original jurisdiction within the place of his domicil or usual residence, which petition *shall* briefly state the circumstances which compel him to surrender his property, and *shall* conclude with a prayer to make a cession of his estate, and to be discharged," etc. The petition in this case states *all* that the statute requires that a petition shall state. This proof in respect to residence may be made by any of the common law modes of proof, either by parol or in writing. (28 Barb. 416; 11 Johns. 224; 12 Wend. 102.) In Courts of general jurisdiction, (County Courts being one,) when nothing to the contrary appears on the record, it will be intended, in support of the judgment had, jurisdiction over the person. When the record *does not* show that the Court had *not* acquired jurisdiction, the intendments in favor of the judgment will raise the presumption in favor of jurisdiction over

the person, so that it cannot be attacked collaterally. When a Court is a superior Court-of general jurisdiction, the presumption will be, that nothing shall be *intended* to be out of its jurisdiction that is not shown or intended to be so. (2 Hare & Wallace's Am. Lead. Cases, 733 ; *Earl of Derby* v. *Duke of Athol*, 1 Ves. 203 ; 3 Peters, 374, marg. pp. 204–6.) In *Ex parte Watkins*, 1 Greenl. 723, Sec. 548, note 2, the author says : " Where the jurisdiction of an inferior Court depends on a fact which such Court must necessarily and directly decide, its decision is taken as conclusive evidence of the fact." (*Britian* v. *Kinnaird*, 1 B. & B. 432 ; *Steele* v. *Smith*, 12 Pick. 582 ; 7 Law. R. 461.) The fact of six months residence by appellant in the county was necessarily and directly decided by the County Court before making any order or decree in the case.

S. & G. E. Williams, for Respondent.

There was no affidavit of publication of notice to creditors —the affidavit made in the case not being made by one of the persons mentioned in the statute. The affidavit made is sufficient under the thirty-third section of the Practice Act, but it is claimed that the section does not apply in insolvency cases. In 29 Cal. 415, this Court decided that insolvency cases are like all other cases over which the County Court has original jurisdiction, and that the provisions of the Practice Act in regard to new trials apply. The notice to creditors is in the nature of a summons, and there exists no good reason why, if the provisions of the Practice Act in regard to new trials apply in these cases, the other provision in regard to the proof of publication should not apply.

The objection that the proceedings do not show jurisdiction, because it does not appear that the plaintiff resided in the county six months next preceding the filing of the petition, is based on the second section of the Insolvent Law. That the residence is a jurisdictional fact has been decided to be so under the New York statute, which differs from ours

in this : that it expressly provides that the proof of residence shall be made at the time of presenting the petition. (See 1 Cowen, 316; 3 Wendell, 329; 20 Johnson, 210.) It is claimed, however, that if this be a jurisdictional fact, it might have been shown on the trial of the cause. Although we think that it could not be done, yet concede it, and the ruling of the Court was correct. The defendant offered the record in evidence. Upon the face of it, it did not show jurisdiction. If this could be remedied by oral testimony, then the defendant was bound to accompany the offer of the record with an offer to prove this jurisdictional fact, and failing to do it, the Court was bound to rule out the record.

The fact that the plaintiff held the notes in suit at the time of the filing of the petition in insolvency, and that his name is not mentioned in connection with these notes, renders the description fatally defective and void. (*McAlister* v. *Strode*, 7 Cal. 428; *Jackson* v. *Atwill*, 9 Cal. 477.)

By the Court, CURREY, C. J.:

This action was brought to recover the several amounts which appeared to be due on five promissory notes made by the defendant. He answered, pleading the general issue, and also, as an affirmative defence in bar to the several causes of action set forth in the complaint, a judgment and decree of the County Court of El Dorado County discharging him from all his debts under the provisions of the Act entitled " An Act for the relief of insolvent debtors and the protection of creditors."

The plaintiff, having produced his evidence and rested, the defendant offered in evidence certain proceedings in insolvency, wherein he was plaintiff and his creditors were defendants. To the offered evidence the plaintiff objected on the grounds : First—That there was no legal evidence of the publication of notice to creditors, in that the affidavit of the fact was not made by a person authorized by the statute

to do so. Second—That the petition did not show that the County Court had any jurisdiction of the person of said Carney, because it did not state that he had resided in the county six months prior to the filing of such petition; and Third—That the notes on which the action was brought were not described in the defendant's schedule of indebtedness annexed to his petition. The Court sustained the objections, and, as a consequence, the evidence offered was rejected. To this ruling the defendant excepted. Judgment was then given for the plaintiff for the amount of the notes and the interest due on the same. The defendant moved for a new trial, relying, as it appears from the statement, which was settled by the District Judge, upon the alleged error of the Court in sustaining the objection to the offered evidence. The statement does not profess to set forth entirely the proceedings had in the insolvency case, but only so much thereof as was deemed necessary to preserve upon the record sufficient to present for review the question of law involved in the objection, ruling and exception. The motion being overruled, the defendant appealed from the judgment and the order denying a new trial.

I. The petition of Carney, the alleged insolvent, together with the schedules accompanying it being filed, the Judge of the Court in which the insolvency proceeding was instituted made an order summoning the creditors to be and appear before him in open Court, at a particular time and place, then and there to show cause, if any they had, why the prayer of the insolvent should not be granted, and an assignment of his estate be made and he be discharged from his debts and liabilities; and further, that the Clerk of the Court issue a notice to the creditors to appear at the time and place and for the purposes so specified, and that such notice should be published at least thirty days in a particular newspaper published in the county. The notice issued and published was in due form. The proof of its publication was by affidavit made by one of the proprietors of the newspaper designated, to the effect that such notice was published

in such newspaper, the same being a weekly newspaper, regularly once a week for more than thirty days immediately following the date of the order of the Judge and the issuing of the notice by the Clerk. The objection to the competency of the proprietor of the newspaper who made the affidavit is answered by this Court in *Schloss* v. *His Creditors*, 31 Cal. 203, to which counsel are referred, as that case seems to have escaped their attention in the submission of this case upon briefs.

II. The validity of the decree discharging the defendant from his debts under the Act named was, and is still, objected to on the ground that the petition does not affirmatively show that he had been a resident of the County of El Dorado for six months immediately prior to presenting it to the Judge. It is maintained on the part of the plaintiff that six months residence by the petitioner, in the county in which the proceeding is instituted in insolvency cases, next preceding the time of filing the petition, is a fact of jurisdictional consequence.

The second section of the Act mentioned reads as follows: " Such insolvent debtor shall petition the Judge having original jurisdiction within the place of his domicil or usual residence, which petition shall briefly state the circumstances which compel him to surrender his property to his creditors, and shall conclude with a prayer to make a cession of his estate and to be discharged from his debts, in pursuance of the provisions of this Act; provided such insolvent debtor shall have resided within the county where he files his petition for at least six months next preceding the filing of the same." (1 Hittell Gen. Laws, 3,811.) All that this section of the Act requires the petitioner to state in his petition is the circumstances which compel him to surrender his property to his creditors, accompanied with a prayer expressive of his desire to make a cession of his estate, etc. The same section makes a six months residence in the county, next preceding the filing of his petition, a condition precedent to his right to institute the proceeding; and it may be admitted that the

better practice is for the Judge to require the condition of residence for the necessary period to be made to appear by the petition, but the statute does not require this in order to clothe the Judge or Court with jurisdiction in the premises. The Act of New York of 1813, for giving relief in cases of insolvency, provided that every person applying for the benefit of the Act should make application in the county of which he was an inhabitant, or within which he was imprisoned, and not elsewhere, and required proof of such fact to be made to the Judge or officer before any order notifying the creditors of the application should be granted. In pleading a discharge under this Act, it was held in many cases that the plea must show that the party relying upon the discharge in bar of a recovery was an inhabitant of the county when making application for the benefit of the Act. (*Service* v. *Heermann,* 1 John. 91; *Trary* v. *Daken,* 7 John. 75; *Ropevelt* v. *Kellogg,* 20 John. 208; *Wyman* v. *Mitchell,* 1 Cow. 316; *Porter* v. *Miller,* 3 Wend. 329.) The facts essential to the jurisdiction of the Courts or officers discharging insolvent persons under the New York Act had to be averred in collateral actions in which such decrees were pleaded, because they were the decrees of Courts or officers of limited or special jurisdiction. In such cases a general averment of jurisdiction was not sufficient, but the facts upon which it depended had to appear. (*Jones* v. *Reed,* 1 John. Cas. 20; *Dakin* v. *Hudson,* 6 Cow. 221; *Cleveland* v. *Rogers,* 6 Wend. 438; *Lawton* v. *Erwin,* 9 Wend. 237; *Foot* v. *Stevens,* 17 Wend. 483; *Hart* v. *Seixas,* 21 Wend. 45; *Bloom* v. *Burdick,* 1 Hill, 139; *People* v. *Koeber,* 7 Hill, 40.) The rule in respect to judgments, decrees and decisions of Courts and officers of limited jurisdiction is one resting for its support on a solid foundation, which is understood by every person well learned in the law. But as obviating this objection, the appellant maintains that the same intendments should be made in aid of the jurisdiction of County Courts in insolvency cases — the same being Courts of record — as are indulged in respect to judgments of Courts of general com-

mon law jurisdiction in actions of common law cognizance; and, from this predicate, he argues that when the record fails to show that the Court had not jurisdiction, it will be intended, in support of the judgment rendered in a cause within its jurisdiction as to subject matter, that the Court had jurisdiction of the parties. We are of the opinion that according to the recent decision of this Court in *Hahn* v. *Kelly*, the position of the defendant is a conclusive answer to the objection suggested; and that as County Courts are Courts of record, it will be presumed, in a collateral action such as this, that the petitioner was a resident of El Dorado County for the period necessary to give the County Court of that county jurisdiction of the parties and subject matter in that case; and, consequently, that the defendant was not bound to prove, otherwise than by production of the record in the insolvency case, that the County Court had jurisdiction of the parties therein.

III. One of the objections to the judgment roll in the case of *Carney* v. *His Creditors*, as evidence, was that the notes on which the action was brought were not sufficiently described in the schedule annexed to the petition.

The third section of the Act for the relief of insolvent debtors and the protection of creditors requires the debtor to annex to his petition a schedule, consisting of a summary statement of his affairs, with a list of losses he may have sustained, giving the names of his creditors, if known, the amount due to each creditor, and the cause and nature of said indebtedness, and when it accrued, and a statement of any existing judgment, mortgage, collateral or other securities for the payment of any such debt.

The twenty-fourth section of the same Act provides that if an accusation of fraud brought against the debtor be declared ill founded, or if there be no opposition to the surrender of his property, and "provided said surrender has been made according to the provisions of this Act, said debtor shall be released and fully discharged from any and

all debts until then contracted, and contracted after the passage of this Act, and from every judicial proceeding relative to the same; provided always, that the release and discharge authorized by this section shall not apply to the debts and liabilities not mentioned and set forth in the schedule, unless the insolvent shall declare in his petition that it is his desire to be discharged from all his debts and liabilities, and that he has described them according to the best of his knowledge and recollection; in which case the discharge and release authorized by this section shall embrace all his debts and liabilities, notwithstanding they may have been imperfectly described, or not described at all." (Laws 1860, p. 283.) The schedule in this case does not give the name of the plaintiff as a creditor of the defendant; nor does it state affirmatively that he was ignorant of the name of the owner of the notes, nor that the owner's name was unknown to him. An objection of this character was held fatal to a decree discharging the defendant as an insolvent debtor in *Judson* v. *Atwill,* 9 Cal. 478. This decision was made under the Act before the amendment of the twenty-fourth section, in 1860. The difference between the original section and the section as amended consists in the provisos. The proviso which was a part of the original section was as follows: " Provided always, that said insolvent debtor shall be released and discharged only from such debts and liabilities as he shall have set forth and named in his schedule." It will be noticed that the amendment does not dispense with the necessity of giving the names of the creditors, if known. But, it will be observed by reference to the petition in insolvency of the defendant, that though he does not, in terms, negative all knowledge of the name of the owner of the notes in question, still he states that the schedule of his debts and liabilities, annexed to his petition, contains the names of his creditors " as near as he can now state them, and the amount due each creditor; the cause and nature of said indebtedness, and when it accrued, and a statement of any existing judgment, mortgage, collateral or other security

for the payment of any such debt." This, we think, is tan-
tamount to stating that he did not know who was the owner
of the notes, and was a substantial compliance with the
statutory requirement upon this point. Then, if the descrip-
tion contained in the schedule was sufficient information to
the plaintiff, as one of the creditors, to enable him, upon an
examination of the proceedings in insolvency on file, to
identify the notes in the plaintiff's hands as the notes men-
tioned in the schedule, the law, in this respect, must be
deemed to have been satisfied. This leads to the inquiry,
whether the description of the notes was sufficient for the
purpose named. The several notes described in the com-
plaint bear date and are payable as follows : The first bears
date April 27th, 1864, in the sum of fifty dollars, and is
made payable to Samuel Colwell, or bearer, three months
after date, with lawful interest ; the second bears date April
30th, 1864, and is made payable in the sum of fifty-four dol-
lars, to Berryman Pitman, or bearer, on demand, with lawful
interest ; the third bears date June 16th, 1864, and is made
payable in the sum of one hundred and fifty-five dollars, to
Eli H. Robards, or bearer, three months after date, with
lawful interest ; the fourth bears date July 23d, 1864, and is
made payable in the sum of two hundred and sixty-three
dollars, to Michael Righter, or bearer, three months after
date, with lawful interest; the fifth bears date July 11th,
1864, and is made payable in the sum of one hundred dol-
lars, to Henry Sesterfleth, or order, three months after date,
with interest at two per cent per month, and is signed by
G. Barrette as surety. Each of these notes the defendant
made and delivered, and the plaintiff became the owner of
them by proper assignments. The descriptions contained
in defendant's schedule of indebtedness in his insolvency
proceeding, which he claims refer to and sufficiently identify
the notes described in the complaint, are as follows : First—
" Samuel Caldwell, note dated April 24th, 1864 ; amount
due, fifty dollars ; interest, ten per cent a year from date."
Second—" Michael Richtner, note dated April 23d, 1864 ;

amount due, two hundred and sixty-three dollars; interest from date, ten per cent a year." Third—" Eli H. Robarts, note dated on or about July 16th, 1864; amount due, one hundred and fifty-five dollars and seventy cents; interest ten per cent per year from date." Fourth—" Berriman Pitner, note dated April 30th, 1864; amount due, fifty-four dollars; interest ten per cent a year from date." Fifth—" Henry Sesterfleth, note dated about July 1st, 1864, G. Barrett, surety; amount due, one hundred dollars; interest two per cent a month from date."

It cannot be said the notes are not described at all in the schedule, because there are correspondences between the several notes set forth in the complaint, and those described in the schedule, which would suggest at least their identity. The descriptions in the schedule are imperfect, and this is the most that can be said in objection to them. We are of the opinion the defendant's petition and schedule of debts was sufficient, under the provisions of the twenty-fourth section of the Act, to satisfy the demands of the law, and that he became, by the decree of discharge in the insolvency proceedings, absolved from legal liability to pay the amount due on the notes described in the complaint, and for the recovery of which this action was brought.

Judgment reversed and new trial ordered.

Mr. Justice SHAFTER did not express an opinion.


By the Court, SAWYER, C. J., on petition for rehearing:

The authorities cited to the first point discussed in the petition for rehearing contain nothing in conflict with anything said in the opinion in this case. In those cases the questions arose on appeals from the judgment in the same proceedings, and were presented by, and determined on, the pleadings. When the objection is taken and passed upon, and exception taken in the course of the proceeding, and it does not appear in the record on appeal that the objection

was obviated in any mode, it will not be presumed, on appeal from the judgment, that the respondent has obviated the objection in some other way. In the present case the attack upon the judgment is made collaterally, and, if it is legally competent for the petitioner to inform the Court that he had been a resident of the county for a period of six months prior to his application for a discharge, in any manner other than by a statement of the fact in the petition itself, then, since the County Court is a Court of record, in a collateral proceeding, it will be presumed, in support of the judgment that the Court satisfied itself of the fact of residence in some appropriate mode before taking jurisdiction of the proceedings. The second section prescribes what the petition shall state; but does not say that he shall state the fact of residence, and we find nothing in the statute requiring it to be therein stated. In the Probate Act the fifty-eighth section formerly provided that "the petition must state the facts essential to give the Court jurisdiction of the case," and, as the residence of the defendant, at the time of his death in the county, is a jurisdictional fact, it was properly held under this provision that this fact must be stated in the petition for letters of administration. But it was afterwards provided, that if the jurisdictional facts existed and were not fully set forth in the petition, but were afterwards proved in the course of administration, the judgment should not be void for want of such jurisdictional averment. In the Act concerning insolvent debtors, as we have seen, while the facts to be stated in the petition are prescribed, it is not provided that the fact of residence in the county shall be there stated. We do not perceive, therefore, why it may not be legally competent to inform the Court of this fact in some other mode. This being so, and the Court being a superior Court, in a collateral proceeding, we must presume that the fact of the required residence was duly ascertained.

As we suggested in *Wilson* v. *His Creditors*, 32 Cal. 407, but without holding such averments absolutely essential, it

would be much more orderly to state the fact of residence in the petition.

We find nothing more in the petition requiring further notice.

Rehearing denied.

Mr. Justice RHODES did not express an opinion on petition for rehearing.

[The opinion on petition for rehearing was not rendered until the April Term, 1868, when Mr. Justice SAWYER had become Chief Justice of the Court.—REP.]