[No. 3,134.]

## LOUIS JARVIS ET AL. *v.* GEORGE W. HOFFMAN ET AL.

HOMESTEAD—PATENT.—Upon the death of a husband, who has taken up and entered a homestead, under the Act of Congress of May 20th, 1862, if the five years have not expired for a patent to issue, the widow, upon performing the remaining conditions, is entitled to a patent, and acquires a title in fee, free from all trust in favor of the children, whether adults or minors.

APPEAL from the District Court of the Sixth Judicial District, Yolo County.

The facts are stated in the opinion.

*C. P. Sprague,* for Appellants.

It is the theory of the common law that all property that is descendible is also devisable. (4 Kent, 511.) Is not the reverse of this proposition true? Is not all descendible property also devisable? If this proposition be true, the land in controversy could not descend to the heirs, from the fact that St. Louis, under the statute, could not have disposed of it by will, or otherwise. Our statute appears to sanction the common law rule, with the additional provision that all property devisable is subject to the payment of the debts of deceased persons. The land in dispute not being subject to St. Louis' debts, is neither devisable nor descendible. (Hittell, 7326.)

A State homestead, under our statute, is neither common property, subject to distribution, nor the separate property of either husband or wife, but is a joint tenancy, with the right of survivorship, and vests absolutely in the survivor immediately upon the death of one of the parties. (*Buchanan Estate,* 8 Cal. 507.) This seems clearly to be the intent of the Act of Congress of May 20th, 1862; the widow taking by right of survivorship, which is analogous to "irregular succession" in the civil law, defined to be "that which is established by law in favor of certain persons." (Bouvier's Law Dictionary.)

*J. H. McKune,* for Respondents.

The questions of law to be determined on this appeal are:

I. Did the plaintiff, Margaret, by the patent from the United States Government, take the legal title in her own right, or as trustee for all the heirs of Colbert St. Louis, deceased?

II. Did Colbert St. Louis take the interest he held in said land by gift, within the meaning of section one of the Act

passed April 17th, 1850, defining the rights of husband and wife?

To the first point defendants cite:  Act of Congress, May 20th, 1862, 2 Lester, 47; *Brenham* v. *Story*, 39 Cal. 179; *Grover* v. *Hawley*, 5 Cal. 485; *Soto* v. *Krader*, 19 Cal. 87; *Bond* v. *Swearingen*, 1 Hammond, 393; *Rea* v. *White*, 8 Hammond, 216; *Ancey* v. *Dufine*, 9 Hammond, 145.

To the second point they cite:  Act of Congress, May 20th, 1862; *Scott* v. *Ward*, 13 Cal. 458; *Wilson* v. *Castro*, 31 Cal. 433; *Noe* v. *Card*, 14 Cal. 596; *Hood* v. *Hamilton*, 33 Cal. 703.


By the Court, CROCKETT, J.:

In 1864 one Colbert St. Louis took up and entered as a homestead, under the Act of Congress of May 20th, 1862 (Stats. 1862, p. 392), a quarter section of the public land of the United States, in Yolo County, and immediately entered upon and continued to occupy and cultivate said tract as a homestead until his death, in 1866.  When he entered upon the land as a homestead he had a wife and several children, who resided with him on the tract until his death, after which the widow and children continued to occupy and reside upon it until the year 1867, when she intermarried with one Jarvis, and from thenceforth she and her husband, together with her children, have resided upon and occupied the land until the present time.  At the time of his death, St. Louis left several children by a former marriage, all of whom have attained their majority, and also several children by his last marriage, who then were, and yet are, minors. At the expiration of five years from the time when the land was entered by St. Louis as a homestead, the widow, on making the proper proofs, obtained a patent in her own name from the United States, vesting in her the legal title to the premises.  This action is brought by the widow and

her present husband against the adult and minor children of her deceased husband to quiet her title to the land, the fee of which she claims to hold in her own right, and for her own exclusive use, free from any trust for either the adult or minor children. On the other hand, the children, in their answers, claim that she holds the legal title partly, if not wholly, in trust for them, and they pray to have the trust declared, and for a partition according to their respective rights. The Court below decided that the widow was entitled to eight twenty-fourths of the land, and that the children were entitled to the remainder, in certain proportions. From this judgment the widow and her husband have appealed, claiming that she is entitled to the whole. Section two of the Homestead Act provides "that no certificate shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if, at the expiration of such time, or at any time within two years thereafter, the person making such entry, or, if he be dead, his widow, or, in case of her death, his heir or devisee, or in case of a widow making such entry, her heirs or devisee, in case of her death, shall prove by credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit aforesaid, and shall make affidavit that no part of said land has been alienated, and that he has borne true allegiance to the Government of the United States; then, in such case, he, she, or they, if at that time a citizen of the United States, shall be entitled to a patent, as in other cases provided for by law. And provided further, that in case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of said infant child or children; and the executor, administrator, or guardian may, at any time within two years after the death of the surviving parent, and in accordance with

the laws of the State in which such children, for the time being, have their domicile, sell said land for the benefit of said infants, but for no other purpose ; and the purchaser shall acquire the absolute title by the purchase, and be entitled to a patent from the United States, on payment of the office fees, and sum of money herein specified."

These provisions leave no room for a reasonable doubt that, on the death of the husband, his widow, on performing the remaining conditions of occupation and payment, became entitled to the patent in her own name. The statute so expressly declares, and it is only in the event that there is no widow, or if there be one, then in the event of her death, that the patent shall go to the children. That this was the intention of Congress is made perfectly manifest by the provision that in case of the death of both the father and mother, "the right and fee shall inure to the benefit of said infant child or children;" and by the further provision that at any time within two years after the death of the surviving parent the land may be sold for the sole benefit of such minor children, and the purchaser will be entitled to a patent in his own name. But by the very terms of the Act, even the minor children, whose interests are so tenderly regarded, will not be entitled to the right and fee of the land, except in the event of the death of both their parents. The considerations which prompted these provisions doubtless were that on the death of the father, the mother became the head of the family, and would be impelled by her natural affection for her children to use the property for their advantage as well as her own. She was deemed to be the safest depository of the title, as she was the head of the family and the natural guardian of the children, charged with their support and maintenance. It was evidently the intention of Congress that on the death of the father the mother should be subrogated to all his rights in the land; and on performing the remaining conditions, should acquire

and hold the title precisely as he would have held it if he had lived. But if the father and mother should both die before the conditions were fully performed, leaving minor children, the right and fee of the land would immediately inure to their benefit and might be sold for their use at any time within two years, without the performance of any further conditions, and the purchaser would immediately become entitled to the patent, on payment of the office fees, and such other sum of money as might then remain unpaid to the Government or its officers. But if the father and mother should both die before the conditions were performed, leaving adult children or devisees and no minor children, then such adult children or devisees, on performing the remaining conditions, would be entitled to the patent, and thus acquire a title in fee. But when the widow performs the conditions and obtains the patent the statute attaches to it no trust in favor of either the adult or minor children. As already stated, she takes the title as her deceased husband would have taken it had he lived. In confiding the title to her, Congress trusted to her natural affection for her children as the guaranty that she would use the land judiciously and for their mutual advantage. The law annexes no conditions or trusts to her title, and the Courts have no power to do it. In my opinion the patent vests the widow with an absolute title in fee to the land, and the defendants have no interest therein.

Judgment reversed and cause remanded for a new trial.