[C. A. No. 287.   Appellate Department, Superior Court, Los Angeles County.—January 28, 1931.]

ADOLPH M. SCHWARTZ, INC. (a Corporation), Appellant, v. BURNETT PHARMACY et al., Respondents.

[1 Cal. Supp. 107.]

Charles W. Humphreys and A. S. Goldman for Appellant.

Thomas P. Cruce for Respondents.

SHAW, J.—The complaint in this action shows that plaintiff seeks to recover on an assigned claim the sum of $47.26. The cause of action is set forth in three forms, each of which is an action at law for breach of contract. The complaint is entirely devoid of allegations to show where the cause of action arose or where any defendant resides or has his place of business. The defendant Paschall filed an answer, and thereafter, by summary proceedings taken against him under section 831d of the Code of Civil Procedure, judgment was rendered against him. Thereupon he made a motion to vacate the judgment on the ground that the Municipal Court of the City of Los Angeles had no jurisdiction to hear and determine said cause. No showing outside of the pleadings was made in support of this motion. It was granted, and the plaintiff appeals from the order granting it and dismissing the action.

The sole question presented on the appeal is whether the municipal court had jurisdiction to render the judgment. The jurisdiction of municipal courts in civil cases is fixed by section 29 of the Municipal Court Act (Stats. 1925, p. 658) as amended in 1929 (Stats. 1929, p. 838), which, so far as material here, reads as follows:

"Each municipal court shall have exclusive original jurisdiction of all civil cases and actions arising within the city or city and county in which such municipal court is established, of the following classes:

"1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars or less.

"2. . . .

"3. . . .

"In cities or cities and counties wherein such municipal court is established, and wherein an inferior court has been established and its jurisdiction determined as provided by law, such municipal court shall have concurrent jurisdiction with such inferior court to the extent of its jurisdiction.

"Each municipal court shall have original jurisdiction of all cases specified in subdivisions 1, 2 and 3 hereinabove, arising outside the city in which a municipal court is established, and within the county in which such municipal court is established, and also of all such cases arising outside the county in which a municipal court is established, in which any proper defendant named therein resides or has his place of business within the county wherein such municipal court is established.

"Each municipal court shall have original jurisdiction, concurrent with that of justices' or other inferior courts in the county in which such municipal court is established, of all civil cases of which such justices' or other inferior courts are given jurisdiction, excepting civil cases of which such justices' or other inferior courts are given exclusive jurisdiction, and excepting cases cognizable in such courts, sitting as small claims courts."

■ By the terms of this statute, the jurisdiction of a municipal court may be affected by three matters: First, the nature (including in that term the amount in controversy) of the cause of action; second, the place where it arose; and, third, the place where the defendant resides or has his place of business. The first of the matters just stated no doubt goes to the jurisdiction of the subject matter, and so does the second. ■ Such jurisdiction cannot be conferred by consent, agreement or waiver of the parties (7 Cal. Jur. 597, 598; 15 Cor. Jur. 804; *Fritts* v. *Camp*, (1892) 94 Cal. 393, 398 [29 Pac. 867]; *King* v. *Kutner-Goldstein Co.*, (1901) 135 Cal. 65 [67 Pac. 10]; *Taylor* v. *Taylor*, (1923) 192 Cal. 71, 78 [51 A. L. R. 1074, 218 Pac. 756]; *Harrington* v. *Superior Court*, (1924) 194 Cal. 185, 188 [228 Pac. 15]; *Stimpson etc. Co.* v. *Superior Court*,

(1910) 12 Cal. App. 536, 539 [107 Pac. 1013]; *Lewis* v. *Shaw*, (1926) 77 Cal. App. 99, 102 [246 Pac. 86]), and it can be questioned on appeal, although no objection was made in the trial court (2 Cal. Jur. 251; *Hallock* v. *Jaudin*, (1867) 34 Cal. 167, 173; *Stephens* v. *Weyl-Zuckerman Co.*, (1917) 34 Cal. App. 210 [167 Pac. 171]; *Maguire* v. *Cunningham*, (1923) 64 Cal. App. 536, 539 [222 Pac. 838]).

The third matter mentioned above unquestionably relates only to jurisdiction of the person, which is conferred by a general appearance and the objection to which is waived by seeking relief on any other ground than want of such jurisdiction. (*In re Thompson's Estate*, 101 Cal. 349, 354 [35 Pac. 991, 36 Pac. 98, 508]; *Faxon* v. *All Persons*, (1913) 166 Cal. 707, 711 [L. R. A. 1916B, 1209, 137 Pac. 919]; *Roberts* v. *Superior Court*, (1916) 30 Cal. App. 714, 720 [159 Pac. 465]; *Bogmuda* v. *Young*, (1922) 58 Cal. App. 19 [207 Pac. 915]; *Gulick* v. *Justice's Court*, (1929) 101 Cal. App. 619 [281 Pac. 1031].) Since the defendant in the present case made a general appearance, no question can arise as to jurisdiction of his person.

The complaint in this case shows that the plaintiff seeks to recover less than fifty dollars; and it is contended that by reason of this fact the case is cognizable in a small claims court, under section 927 of the Code of Civil Procedure, which fixes that sum as the maximum size of the claim which may be litigated in those courts. On this proposition is based the further contention that the case is excluded from the jurisdiction of the municipal court by the second exception contained in the last sentence above quoted from the Municipal Court Act. Passing other possible answers to this argument, it is provided by section 927f of the Code of Civil Procedure that "no claim shall be filed or prosecuted in such small claims court by the assignee of such claim". This action is brought by an assignee and is therefore not cognizable in any small claims court.

The jurisdiction of a municipal court which is concurrent with justices' and other inferior courts in the county, is also subject to an exception of. cases in which such courts have exclusive jurisdiction. There is no such exclusive civil jurisdiction of justices' courts (Code Civ. Proc., secs. 103, 112), but certain police courts and other city courts are

given exclusive jurisdiction of civil actions to collect licenses, forfeitures and penalties imposed by city ordinances. As far as we have discovered, this is the only class of civil cases in which exclusive jurisdiction is conferred on the inferior courts, and this case is not of that class, so this exception does not affect it.

Since each municipal court has exclusive jurisdiction of a cause of action arising within the city or city and county wherein it is established, all such cases must by necessary implication be excluded from the jurisdiction of any other municipal court. Consequently the possibility suggests itself that the cause of action here sued on may have arisen in Long Beach or San Francisco in each of which places there is a municipal court. An objection on this ground goes to the jurisdiction of the subject matter and is not waived by answer. The complaint in this case is silent as to the place where the cause of action arose, and hence the real question is whether it is necessary for a complaint in a municipal court to show affirmatively that the court has jurisdiction of the subject matter.

It is the rule that ''a demurrer to the jurisdiction of the court only lies where the want of such jurisdiction appears affirmatively upon the face of the complaint. In a court of limited and special jurisdiction, the rule is otherwise; there, every fact essential to confer the jurisdiction must be alleged. In courts of general jurisdiction the cause of action need only be stated, and the want of jurisdiction, arising from the insufficient value of the premises, must be taken advantage of in some other way.'' (*Doll* v. *Feller*, (1860) 16 Cal. 432.) In that case a complaint in a district court showed that it related to real estate, but did not allege what was its value, and the demurrer for want of jurisdiction was based on this omission, the jurisdiction of the district courts being then limited to cases where the amount in dispute exceeded $200. (Art. VI, sec. 6, Const. 1849.)

The question what courts are entitled to the benefit of the presumption in favor of jurisdiction has been much discussed, and the decisions on it are not entirely harmonious. This presumption applies to the judgments of the favored courts when they are collaterally attacked, as well as on a demurrer or motion directly attacking the

jurisdiction; in fact, most of the decisions on the point arise out of collateral attacks. In *Hahn* v. *Kelly*, (1868) 34 Cal. 391, at pages 409 to 415 [94 Am. Dec. 742], there is an extensive and well-reasoned discussion of the matter, from which it appears that the presumption has been variously declared to apply to superior courts, to courts of general jurisdiction, or to courts proceeding according to the course of the common law. The final conclusion reached in *Hahn* v. *Kelly* is that the presumption of regularity attaches to the proceedings of courts of record as distinguished from courts and tribunals not of record (p. 414 of 34 Cal.); and so far as we can discover, this rule has not been departed from in California. The Supreme Court there stated that district courts, probate courts and county courts, which as then constituted were courts of record, should be considered as superior courts in the sense of this rule, while courts held by justices of the peace and various boards exercising judicial functions of a limited and special character, are inferior courts.

In *Vassault* v. *Austin*, (1869) 36 Cal. 691, 696, and *McCauley* v. *Fulton*, (1872) 44 Cal. 355, 361, it was held that the Superior Court of San Francisco, which existed from 1850 to 1857, which was a court of record having a seal and clerk, and which had the same jurisdiction as the district courts, except that as to real estate it was limited to San Francisco, was a court of general jurisdiction so that its judgments imported absolute verity against collateral attack, although other decisions not questioned or overruled had upheld the power of the legislature to create this court on the ground that it was an inferior court within the meaning of a constitutional provision authorizing the legislature to establish "such municipal and other inferior courts as may be necessary". Both of these cases were decided in reliance upon the decision in *Hahn* v. *Kelly*, *supra*.

In *People* v. *Blackwell*, (1864) 27 Cal. 65, 67, *Barrett* v. *Carney*, (1867) 33 Cal. 530, 537, and *Yenawine* v. *Richter*, (1872) 43 Cal. 314, it was held that county courts, being courts of record, were to be considered courts of superior jurisdiction and the presumption of regularity attached to their judgments. Accordingly, it was presumed in *Barrett* v. *Carney*, *supra*, the record being silent as to the place of

residence of an insolvent who filed his petition in a county court, that he resided in the county where the court was held, this fact being necessary under the insolvency act to give that court jurisdiction over the proceeding. At the time these decisions were made the county courts were given by the Constitution original jurisdiction of a few enumerated classes of cases and "of all such special cases and proceedings as are not otherwise provided for; and also such criminal jurisdictions as the legislature may prescribe", and appellate jurisdiction in cases arising in justices' courts and other inferior courts; but the district courts had general trial jurisdiction of all equity cases and of all law cases involving certain questions or in which the amount in controversy was $300 or more, and in all criminal cases not otherwise provided for (Const. 1849, art. VI, secs. 6 and 8, as amended in 1862). Thus the situation of the county courts in the framework of the judicial system was very much like that of the present municipal courts, which, although without appellate jurisdiction, have such jurisdiction as the legislature may confer upon them, while the superior courts remain the courts of general trial jurisdiction without upper limit as to the amount in civil cases, and have jurisdiction of all criminal cases amounting to felony. (Const., art. VI, secs. 5 and 13, as amended in 1928.)

In *Simpson* v. *Payne*, (1926) 79 Cal. App. 780, 786 [251 Pac. 324], it was declared that municipal courts established under the amendment of 1924 to section 11, article VI, of the Constitution are not inferior courts as that term is used in section 7½, article XI, of the Constitution. In *Application of Luna*, (1927) 201 Cal. 405, 409, 410 [257 Pac. 76], the Supreme Court said the municipal courts just referred to are "of some greater dignity than an inferior court", and "although inferior to superior courts, are nevertheless superior to inferior courts". These two cases did not involve the question as to the presumption attaching to the proceedings of municipal courts, and they are, therefore, not authority for our conclusion in the matter, but they are at least consistent therewith.

Finally, the Constitution itself (art. VI, sec. 12, as amended in 1924), provides that "the supreme court, the district courts of appeal, the superior courts, the municipal

courts, and such other courts as the legislature shall prescribe, shall be courts of record". The only change made by this amendment was the insertion of the words "the municipal courts", and its purpose could only have been to make the municipal courts courts of record without action by the legislature and beyond its power to provide otherwise. The Constitution nowhere declares what powers or attributes shall accrue to a court by reason of its being "of record". It is, however, instructive to note that the Constitution of 1849 contained no such provision as that last quoted and that the case of *Hahn* v. *Kelly, supra,* declaring that the true distinction as to the presumption above mentioned is between courts of record and courts not of record, was decided before 1879. It is a fair conclusion that the framers of the Constitution of 1879 had this rule in mind when they declared certain courts to be courts of record and intended thereby to make the decision in *Hahn* v. *Kelly* applicable to those courts; and it follows that the framers of the amendment of 1924 intended that the same rule should be applied also to municipal courts. This conclusion is strengthened by the fact that in none of the constitutional amendments which have been made to authorize the establishment of municipal courts or to regulate their jurisdiction have they been referred to as inferior courts, although that term appears at several places in the Constitution. Section 1 of article VI, as amended in 1924, lists the courts of the state as including, "such municipal courts as may be established . . . and such inferior courts as the legislature may establish". Section 5 of article VI, as amended in 1928, refers in one place to "municipal or to justices' or other inferior courts", and in another place refers to cases arising "in municipal and in justices' and other inferior courts". Section 13 of article VI, as amended in 1928, refers to the "jurisdiction of municipal courts and inferior courts in cities having municipal courts". Neither in these provisions nor in any other part of the Constitution, as far as we have discovered, is language used which suggests that the municipal courts are to be classified as inferior courts.

For the foregoing reasons, we hold that for the purpose of applying the presumption as to jurisdiction, the municipal courts are to be regarded as courts of superior

or general jurisdiction, that the same presumption attaches to their proceedings as is accorded to other courts of that class, and hence that the jurisdiction of the municipal courts need not affirmatively appear from the pleadings or other proceedings before them. It is sufficient that the lack of jurisdiction does not so appear. This statement refers only to civil cases, the rule perhaps being otherwise in criminal cases, even as to courts of general jurisdiction, at least when the territorial jurisdiction of the court is in question. (See *People* v. *Wong Wang*, (1891) 92 Cal. 277 [28 Pac. 270].)

The order appealed from is reversed, with costs of appeal to appellant.

McLucas, P. J., and Bishop, J., concurred.