[No. 8,390.—Department Two.]
May 9, 1882.

## FARMER SANBORN v. SUPERIOR COURT OF CONTRA COSTA COUNTY.

JURISDICTION OF JUSTICE'S COURT AND OF SUPREME COURT ON APPEAL—ACTION FOR THE CONVERSION OF PERSONAL PROPERTY—CONSTITUTIONAL LAW.—In an action in a Justice's Court for the conversion of personal property the complaint alleged the property to be of the value of two hundred and fifty dollars, and that plaintiff had sustained damages in the further amount of fifty dollars; and demanded judgment for two hundred and ninety-nine dollars and costs. Judgment was entered accordingly, and the defendant, after having appealed to the Superior Court, applied to this Court for a writ of prohibition.

Held: The Justice's Court had jurisdiction were it otherwise, and the Superior Court would have jurisdiction of the appeal.

APPLICATION for a writ of prohibition to the Superior Court of Contra Costa County.

*G. W. Laughn,* for Plaintiff.

No appearance for Defendant.

THORNTON, J.:

This is an application for a writ of prohibition made on the following state of facts: On the twelfth of September, 1881, J. Cottrell commenced an action against the petitioner, Farmer Sanborn, in a Justice's Court of Contra Costa County to recover damages for the conversion of personal property. The property is alleged in the complaint to be of the value of two hundred and fifty dollars, and the further allegation is made that the plaintiff has sustained damages to the amount of fifty dollars. The applicant states further in his petition as follows: "And without waiving any part of the amount so claimed, the plaintiff prayed judgment for the sum of two hundred and ninety-nine dollars damages and for costs." In this action defendant demurred and objected to the jurisdiction of the Court. The demurrer was overruled, and the Court on a trial subsequently had rendered judgment for plaintiff for two hundred and ninety-nine dollars damages and for costs. The petitioner then appealed to the above mentioned Superior Court on both questions of law and fact. In this Court the same objection was made by petitioner, which was overruled, and the cause was afterwards set down for trial. The application is here made to restrain the Superior Court from proceeding to try the cause or to take any steps in it.

The application is novel and singular. The party appealing asks that a Court shall be restrained from trying the appeal which he prosecutes. The novel status is presented of a party invoking by his own act the jurisdiction of a Court, and then denying it and asking that it be restrained from exercising it. Such contradictory positions with reference to the same matter, sometimes called "blowing hot and cold," do not ,commend petitioner's application. (See Broom's Leg. Maxims 169.) It seems to us that the appellee would have a right to

have the appeal determined and final judgment entered either for or against him. But waiving this, we see nothing in the objection. It seems to us clear that the Justice's Court had jurisdiction; and if it did not, the Superior Court certainly had to determine the appeal. If the judgment of the Justice's Court was void for want of jurisdiction, still the Superior Court had jurisdiction on appeal.

That the Justice's Court had jurisdiction appears from Section 112 of the Code of Civil Procedure (See Act of April 1, 1880, Amendments of C. C. P. for 1880, 35), passed to carry out the provisions of Sec. 11 of Art. vi, of the Constitution. The statute does not trench upon the jurisdiction of the Superior Court (see Sec. 5 of Art. 6 of Constitution), as regards the amount determinative of jurisdiction of the Court last named. The demand here is the amount for which judgment is asked, viz., two hundred and ninety-nine dollars, or the *ad damnum* clause (*Solomon* v. *Reese,* 34 Cal. 33; *Maxfield* v. *Johnson,* 30 id. 545; *Skillman* v. *Lachman,* 23 id. 198), and the value of the property in controversy is two hundred and fifty dollars. Adopting either criterion of jurisdiction, the amount named in the *ad damnum* clause or the value of the property, the Justice's Court possessed jurisdiction.

It is said that the plaintiff did not waive any part of his claim, which amounted to three hundred dollars. But he did waive it by asking judgment for two hundrd and ninety-nine dollars. Such a prayer for judgment was intended to be a waiver and should be so construed.

We are of opinion that the Justice's Court had jurisdiction; but whether it had jurisdiction or not, the Superior Court had jurisdiction of the appeal, and it follows that the petitioner is not entitled to the writ.

The application should therefore be denied, and it is so ordered.

MORRISON, C. J., and SHARPSTEIN, J., concurred.