THE STATE, JOHN ILLINGWORTH, PROSECUTOR, v.
WILLIAM S. RICH.

| 58 | 507 |
| 59 | 353 |
| 58 | 507 |
| 63 | 506 |
| 58 | 507 |
| 67 | 175 |

A judgment of the District Court of Newark, rendered in a case where the court was without jurisdiction, may be reviewed either on appeal to the Court of Common Pleas or on *certiorari*, and the party aggrieved may resort to either remedy, at his option; but, having taken an appeal and tried his case *de novo* in the Pleas, he cannot afterward, because he is dissatisfied with the result in the appellate court, remove the erroneous judgment by *certiorari* into this court for review.

On *certiorari.*

Argued at November Term, 1895, before Justices Depue, Van Syckel and Gummere.

For the prosecutor, *Frank E. Bradner.*

For the defendant, *James E. Howell.*

The opinion of the court was delivered by

Gummere, J.    An action of debt was brought, in the First District Court of the city of Newark, by the defendant in *certiorari* against the prosecutor to recover the sum of $200, being the amount due upon a certain check made by the prosecutor and held by the defendant.   When the case came on for trial, the defendant below, the prosecutor here, demanded a trial by jury without being required to pay in advance the expenses of the venire.   This demand was refused by the trial court, and an exception to such refusal was prayed for and allowed.   The trial of the case was then proceeded with, without a jury, and a judgment rendered, in favor of the plaintiff below, for the amount of this claim.   From that judgment the defendant below appealed to the Court of Common Pleas of the county of Essex, and the case was there tried *de novo,* pursuant to the provisions of the act of March 24th, 1892 (*Gen. Stat., p.* 1264, § 276), which allows either party, in an action brought in any of the District Courts of this state, to take an appeal, both as to matters of law and fact, from any judgment (except one given by confession) where the debt, demand or matter in dispute, exclusive of costs, is for a sum not less than $25, to the Court of Common Pleas of the county in which such District Court is located, and provides that causes thus appealed to the Courts of Common Pleas shall be tried *de novo.*

The trial of the case in the Court of Common Pleas resulted in favor of the plaintiff below, and judgment was entered in that court against the defendant.   The defendant thereupon

sued out this *certiorari* for the purpose of having the judgment rendered against him in the Court of Common Pleas, and also that in the First District Court of Newark, reviewed by this court; and his insistment here is that those judgments are void and should be set aside, because he was illegally deprived by the District Court of a trial by jury.

It is not necessary, in disposing of this case, to decide the question whether the defendant below was entitled to a trial by jury without paying the venire fees in advance, for, assuming that he was, and that his demand for a jury deprived the District Court of jurisdiction to try the case otherwise than by a jury, he had two courses open to him for getting rid of the erroneous judgment, either by an appeal to the Court of Common Pleas or by suing out a *certiorari* for the purpose of having the judgment reviewed in this court. That he had both of these remedies, notwithstanding the provision of the seventeenth section of the "Act to establish District Courts in the city of Newark" (*Pamph. L.* 1873, *p.* 245), which forbids the removal into the Supreme Court, by *certiorari*, of any judgment in a case where the judge had jurisdiction, is clear. *Ritter* v. *Kunkle,* 10 *Vroom* 259. He selected the remedy by appeal, and when the case came on to be heard by the Court of Common Pleas, he permitted it to be tried *de novo* by the appellate court without requesting a jury. Having elected to pursue his remedy by appeal, he cannot now, because the result of that appeal was unsatisfactory to him, avail himself of his remedy by *certiorari.* His only standing in this court is to have the judgment of the Court of Common Pleas reviewed for error committed by that court on the trial of the appeal. No such error being alleged and none appearing in the record which has been sent up, the judgment below should be affirmed, with costs.