[S. F. No. 656.   Department One.—April 7, 1898.]

EDWIN W. TUCKER, Appellant, v. JUSTICES' COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

JUSTICES' COURT—DEFECTIVE SUMMONS—REMEDY—CERTIORARI.—Where the summons in an action commenced in the justices' court does not name the plaintiff in the action, but inserts another name as plaintiff, it is fatally defective. To remedy such defect, the defendant may move the court to quash the summons, or within ten days after entry of judgment by default may move the court to set aside the default and judgment, or may appeal to the superior court from the judgment; but, having such remedy by appeal, the defendant cannot resort to a writ of review to annul the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion.

John L. Boone, for Appellant.

Joseph Rothschild, and Albert M. Armstrong, for Respondent.

BELCHER, C.—J. H. Lavenson commenced an action in the justices' court of the city and county of San Francisco against Edwin W. Tucker et al. to recover a money judgment for twenty-five dollars, with interest and costs. The complaint properly stated the cause of action, and a summons was issued thereon, a copy of which, with a copy of the complaint, was duly served on the defendant Tucker. The summons was defective in that by some mistake or inadvertence the name of the plaintiff in the title of the cause was written "C. Hirsch" instead of "J. H. Lavenson," but in all other respects it was in proper form and sufficient. Tucker failed to appear and answer or demur within the time required, and judgment by default was entered against him. Twenty-three days after the judgment was entered, and nine days after a writ of execution had been issued thereon, he moved the trial court to recall the execution and to vacate and set aside the default and judgment upon the ground that no summons had ever been served on him, and the court never acquired jurisdiction of his person. In support of his motion he filed his affidavit, stating that he had never been served with a summons in said suit; that he was desirous of filing his answer and having the cause tried on its merits; and "that he has fully stated his defense to said suit to his attorney, John L. Boone, Esq., and that after such statement he is informed and advised by said attorney that his said defense is good and sufficient in law."

The motion was heard and denied by the court, and thereupon he commenced this proceeding in the superior court of the said city and county to obtain a writ of review. The writ was granted, and the justices' court was required to certify and produce all pleadings and papers filed in said cause, together with the docket of said action, before the judge of Department No. 8 of said court, on a day named, so that the same might be reviewed. A return was made as required, and thereafter the matter was heard by the superior court, and judgment entered denying the applicant any relief and affirming the said judgment of the justices' court.

From that judgment this appeal is prosecuted on the judgment-roll.

The statute provides that the summons issued from a justice's court must contain, among other things, the names of the parties to the action. (Code Civ. Proc., sec. 844.) The summons in the action referred to did not contain the name of the plaintiff, and was therefore fatally defective. The defendant might have appeared and moved the court to quash the summons for this defect, and, if he had done so, his motion would probably have been granted. And after the judgment was entered he had a right to move the court to set aside the default and judgment, as he did. His motion to set aside was, however, made more than ten days after the judgment was entered. The court denied the motion upon the ground, as it is said, that under the provisions of section 859 of the Code of Civil Procedure, it had then no power or authority to grant it. No appeal was taken from the judgment or order, but, instead of appealing, defendant at once instituted this proceeding to obtain the relief which he sought.

The code (Code Civ. Proc., sec. 1068) provides: "A writ of review may be granted . . . . when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

That the defendant might have appealed to the superior court from the default judgment there can be no question. And it is well settled that when an appeal may be taken resort cannot be had to a writ of review. The cases so holding are numerous and need not be cited.

It follows, therefore, that the court below did not err in holding that the applicant for the writ was entitled to no relief thereunder.

The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.　　　　Harrison, J., Garoutte, J., Van Fleet, J.