ANDREW H. FURMAN, PROSECUTOR, v. CARY MOTLEY.

Submitted June 6, 1901—Decided November 11, 1901.

The losing party, in an action brought in a Court for the Trial of Small Causes, is entitled to have the judgment entered there reviewed, either by appeal to the Court of Common Pleas or by *certiorari* to the Supreme Court, when the justice was without jurisdiction to render the judgment. But having selected one of these methods of review, and subsequently abandoned it, the other is no longer open to him.

---

On *certiorari* to review judgment recovered in Court for the Trial of Small Causes.

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Henry B. Cook.*

For the defendant, *John P. Lloyd.*

The opinion of the court was delivered by

GUMMERE, J. By section 79 of the Justices' Court act an appeal is given to the Court of Common Pleas from all judgments obtained before any justice of the peace except such

as have been given by confession.   By the ninety-sixth section of the act it is provided "that where the justice has jurisdiction, no judgment hereafter to be rendered in any Court for the Trial of Small Causes, from which an appeal is given to the Court of Common Pleas, shall be removed into the Supreme Court by *certiorari* for the correction of any supposed error therein; but the party thinking himself aggrieved shall have relief upon the appeal only, and that both as to matter of law and matter of fact."

The judgment brought up by this writ is not one which was given by confession, and therefore the sole method of review is by appeal, unless the justice who rendered it was without jurisdiction.   In that situation of affairs the remedies by appeal and *certiorari* are concurrent.   *Ritter* v. *Kunkle,* 10 *Vroom* 259; *Drake* v. *Berry,* 13 *Id.* 60; *Hillman* v. *Stanger,* 20 *Id.* 191.

The prosecutor bases his right to review the judgment now before us by *certiorari* upon the ground that the justice was without jurisdiction to render it.   But, assuming this to be the case, the record sent up with the writ discloses that this remedy is no longer open to him.   After the rendition of the judgment he had the option of reviewing it by either of the methods mentioned.   Exercising that option he removed it into the Court of Common Pleas by appeal.   When the appeal came on to be heard it was dismissed for want of prosecution.   He was entitled to have the judgment of the Small Cause Court reviewed either by appeal or by *certiorari,* as he should select, but not by both methods.   Having selected the remedy by appeal his right to review by *certiorari* no longer exists.   *Illingworth* v. *Rich,* 29 *Vroom* 507.

The writ of *certiorari* should be dismissed, with costs to the defendant.