[S. F. No. 5831. In Bank.—December 11, 1912.]

THE AMERICAN LAW BOOK COMPANY, Petitioner v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SANTA CLARA et al., Respondents.

Justice's Court—Insufficient Service of Summons—Judgment by Default Against Foreign Corporation—Affirmance on Appeal —Certiorari.—A foreign corporation, against whom a judgment by default had been rendered in a justice's court, on an alleged insufficient substituted service of summons on the secretary of state, by appealing to the superior court submitted the question of the want of jurisdiction of the justice's court of its person to the superior court, and the latter court had the power to decide that question incorrectly as well as correctly. After its affirmance by the superior court, the judgment of the justice's court is no longer subject to review on *certiorari*. An attack in such a proceeding must be confined to the jurisdiction of the superior court over the person of the petitioner.

Id.—Superior Court Acquires Jurisdiction of Person of Appellant —Power to Hear and Determine Appeal.—An appeal to the superior court, although not the exclusive remedy, is one method and an appropriate manner of attacking the jurisdiction of the justice's court, and such defendant, by appealing to the superior court from the judgment of the justice's court, submitted its person to the jurisdiction of the superior court, and cannot afterward by *certiorari* question the power of that court to hear and determine the appeal.

APPLICATION for a Writ of Certiorari directed to the Superior Court of Santa Clara County and John E. Richards, Judge.

The facts are stated in the opinion of the court.

H. C. Schaertzer, for Petitioner.

R. C. McComish, and Will M. Beggs, for Respondents.

MELVIN, J.—A writ of *certiorari* was issued by this court directed to the superior court of Santa Clara County, requiring that court to certify a transcript of the proceedings and records in the case of E. V. Burke *v.* The American Law Book Company. That case was appealed from the justice's court of San Jose Township. It was an action for damages for breach of contract, the sum demanded being $299, and in a second count for money had and received the same amount was also prayed for. Summons was issued and was duly signed by John T. Wallace, justice of the peace of said San Jose Township, and to said summons there was attached a certificate of the county clerk of Santa Clara County, under seal, duly setting forth the qualifications of said Wallace as a justice of the peace. The summons was served by the delivery of a copy thereof with a copy of the complaint thereto attached, to the secretary of state, but the return to this writ shows that the copy of the clerk's certificate to the official character of the justice of the peace had no seal indicated thereon. The return of the sheriff of the county of Sacramento certified that The American Law Book Company was a foreign corporation doing business in the state of California, and that said corporation had not designated any resident of this state as a person upon whom process might be served. Thirty days after the service of summons as shown by the return above described, the justice of the peace entered judgment for $299 in favor of plaintiff, as defendant had made no appearance. Fifteen days following the entry of said judgment defendant appealed to the superior court. It does not appear either from the petition or the return whether this appeal was formally upon questions of both law and fact, but the record does show that petitioner's attorney declared at the hearing in the superior court, in answer to a

question by the judge, that it was taken upon questions of law alone. At this hearing the appellant offered certain oral and documentary evidence which, under stipulation, was admitted by the court, subject to a future ruling, but the court thereafter made no ruling on the admissibility of this evidence, which consisted of (1) a copy of the summons, complaint and certificate served upon the secretary of state, showing the absence of a seal from the said certificate; (2) the testimony of the officer who served the summons on the secretary of state, that his knowledge of defendant's failure to designate a resident agent to receive service of process in California was based upon his examination of the records in the office of the secretary of state; and (3) testimony of an employee of the corporation defendant that the company's method of doing business was to take orders in California for books and to send such orders for approval to defendant's office in New York, and that upon approval of the orders the books were sent by freight or express directly to the purchasers. Upon this showing the superior court affirmed the judgment, but a partial satisfaction having been made a new judgment for two hundred and seventy dollars was entered.

Petitioner contends that the superior court never obtained jurisdiction over its person because the judgment in the justice's court was a nullity. The contention is that the sheriff's return to the summons declaring the defendant to be a "foreign corporation doing business in this state" was insufficient as a conclusion and as a statement not based upon positive knowledge; that the service was void by reason of the absence of a description of the seal from the copy of the clerk's certificate; that the evidence in the justice's court was not sufficient to show the failure of the defendant to designate a resident Californian upon whom process might be served; and that sections 405 and 410 of the Civil Code are unconstitutional as applied to this petitioner. It will be seen that many of these objections are to the jurisdiction not of the superior court but of the justice's court. This attack must be confined to the jurisdiction of the superior court over the person of the petitioner. One method of attacking the jurisdiction of the justice's court is by appeal to the superior court. (*Tucker* v. *Justices' Court,* 120 Cal. 514, [52 Pac. 808].)

After such appeal, no further attack may be made upon the judgment given in the justice's court. As was said in *Olcese* v. *Justice's Court,* 156 Cal. 86, [103 Pac. 318] : ''This court has never recognized the right of a petitioner to writ of *certiorari* to review the judgment of a justice's court after appeal taken and determined in the superior court.'' Respondent contends, and we think correctly, that by its appeal to the superior court the petitioner submitted the question of want of jurisdiction of its person to the superior court and that the tribunal to which the appeal was thus prosecuted had the right to decide that question incorrectly as well as correctly. This court said in the opinion in the *Matter of Hughes,* 159 Cal. 363, [113 Pac. 686] : ''The supreme court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction, or as the code expresses it, 'the review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer.' (Code Civ. Proc., sec. 1074.) If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it.'' But petitioner insists that it only appeared for the purpose of questioning the jurisdiction of the justice's court; that it never submitted itself generally to the superior court, and that the method followed by it was the only one available. Undoubtedly an appeal to the superior court is one method and an appropriate manner of attacking the jurisdiction of the justice's court. (*Tucker* v. *Justices' Court,* 120 Cal. 514, [52 Pac. 808].) But it is not exclusive. For example, it does not appear that petitioner had no opportunity to make a motion to set aside the default. When such a motion has been denied erroneously the moving party may by a writ of prohibition restrain the enforcement of the judg-

ment.   In *Sanborn* v. *Superior Court,* 60 Cal. 425, the application was for a writ of prohibition.   Petitioner, who was defendant in the action in the justice's court, after unsuccessfully combatting the jurisdiction of that court, took an appeal to the superior court.   The supreme court characterized as "novel and singular" the action of a party appealing in asking that the court should be restrained from trying the appeal which he was prosecuting.   In *Armantage* v. *Superior Court,* 1 Cal. App. 130, [81 Pac. 1033], the justice's court had lost jurisdiction through the improper service of the notice of trial. An appeal was taken and judgment was rendered, after trial, against appellant.   There, as here, it was contended that the superior court had no jurisdiction on the appeal to do anything except reverse the judgment and order the case back to the justice's court as appellant demanded, but the district court said: "Let it be conceded, without deciding the question, that, under the statute as heretofore construed by the supreme court, the superior court should have sustained the objection of the appellant to trying the case and should have granted his request to reverse the judgment of the justice and send the case back; yet the refusal was only error.   If these objections had not been made, or if the appellant had failed entirely to appear after his appeal was perfected, and a trial, after the five days' notice, had been had in his absence in the superior court, there could have been no question as to the validity of the judgment following such trial.   The court had the same *jurisdiction* to overrule appellant's objections that it had to sustain them, or to proceed to judgment in the appellant's absence.   Jurisdiction is the power to decide—wrong, as well as right."   A rehearing of this case was denied by the supreme court.   In other states there is abundant authority for the rule above announced.   In *Fee* v. *Big Sand Iron Co.,* 13 Ohio St. 563, judgment by default had been entered in the court of common pleas.   Defendant appeared, however, and gave notice of appeal.   This was held a submission to the jurisdiction of the court.   The above cited case has been followed in many jurisdictions.   The following cases are also authority for the same rule: *K. C. S. & Memphis R. R.* v. *Summers,* 45 Ark. 296; *Briggs* v. *Humphrey,* 1 Allen (Mass.) 372; *McCubrey* v. *Lankis,* 74 Minn. 302, [77 N. W. 144]; *Gant* v. *Chicago etc. Ry. Co.,* 79 Mo. 503; *Gage* v. *Maryatt,* 9 Mont.

266, [23 Pac. 337]; *Perry* v. *McKinzie,* 4 Tex. 155; *Ruthe* v. *Green Bay etc. Co.,* 37 Wis. 346; *Standley* v. *Arnow,* 13 Fla. 368; *St. Louis etc. Ry. Co.* v. *McBride,* 141 U. S. 130, [35 L. Ed. 659, 11 Sup. Ct. Rep. 982].

Petitioner having submitted its person to the jurisdiction of the superior court cannot now by *certiorari* question the power of that court to hear and determine the appeal from the justice's court.

It follows that the writ must be discharged and it is so ordered.

Henshaw, J., Lorigan, J., Angellotti, J., Shaw, J., and Sloss, J., concurred.

Rehearing denied.