[Civ. No. 1563.    Third Appellate District.—June 17, 1916.]

## HERMAN ALBERS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF HUMBOLDT et al., Respondents.

JUSTICE'S COURT APPEAL—AFFIRMANCE OF JUDGMENT BY SUPERIOR. COURT — REVIEW OF JUDGMENT OF JUSTICE'S COURT IN DISTRICT COURT OF APPEAL.—A judgment of a justice's court cannot be reviewed on *certiorari* in the district court of appeal, where an appeal has been taken from such judgment to the superior court and the judgment affirmed.

ID.—APPEALS IN CRIMINAL ACTIONS—JURISDICTION OF SUPERIOR COURTS —GROUNDS OF IMPEACHMENT.—In view of the fact that the law authorizes appeals to the superior courts in criminal cases of which the justices' and police courts are by law invested with jurisdiction, the only ground upon which the jurisdiction of the superior court may legally be impeached and denied in any such case is either that the case is one of which the justices' courts have no jurisdiction, and in which, therefore, they have no power or authority to enter a valid or any judgment, or that the justice's court, while having jurisdiction of the offense, in some way acted beyond its jurisdiction in entering its judgment, or that the superior court had failed to acquire jurisdiction of the appeal because, in taking the appeal or attempting to do so, there had been a failure to observe some vital and necessary rule of practice or procedure in the matter of taking appeals to such courts.

ID. — AMENDMENT OF COMPLAINT — ADDITION OF SECOND COUNT—PROCEEDINGS IN JUSTICE'S COURT — JURISDICTION OF APPEAL. — The superior court is not without jurisdiction to hear and determine an appeal taken from a judgment of a justice's court convicting a defendant of violating the state law making it a misdemeanor to drive an automobile over a highway in excess of the speed prescribed by law, by reason of the fact that the justice's court improperly allowed the dismissal of two complaints for the purpose of amending the same, and that the complaint upon which the defendant was convicted was faulty, because it stated the offense in two separate and distinct counts.

ID.—FAILURE TO BRING ACTION TO TRIAL WITHIN SIXTY DAYS—JURISDICTION OF JUSTICES' COURTS — CONSTRUCTION OF CODE. — Jurisdiction of a justice's court of such an offense is not lost by reason of the failure to bring the case to trial within sixty days after the filing of the original complaint, as section 1382 of the Penal Code, providing for the dismissal of criminal actions not brought to trial within sixty days after the filing of the indictment or information, has no application to the trial of low-grade misdemeanors cognizable in justices' and police courts.

APPLICATION for a Writ of Certiorari originally made to the District Court of Appeal for the Third Appellate District.

The facts are stated in the opinion of the court.

Pierce H. Ryan, for Petitioner.

J. Charles Jones, for Respondents.

HART, J.—This is an original application for a writ of *certiorari*, and the question here is whether the petition herein states facts sufficient to warrant this court in making an order requiring the above-named respondents to certify to this court their respective records in the case of the *People* v. *Albers* (the petitioner), and thus show cause why the judgment of conviction of the petitioner of a misdemeanor rendered by the above-named justice's court and the judgment rendered by the above-named superior court on appeal in said cause, affirming the judgment of the said justice's court therein, should not be vacated, set aside, and annulled.

The petition shows that petitioner was, on October 21, 1915, charged in the justice's court of Union township, Humboldt County, with violating the state law making it a misdemeanor to drive an automobile over a highway in said county in excess of the speed prescribed by said law; that on the eighteenth day of November, 1915, and after the defendant had entered a plea of not guilty to the charge, the district attorney moved to dismiss the action for the purpose of amending the complaint (Pen. Code, sec. 1387), and, on the same day, filed a new complaint, purporting to charge the same offense; that on February 26, 1916, the petitioner was tried on the complaint as so amended before a jury, that the jury disagreed and were discharged without arriving at a verdict; that on the seventh day of March, 1916, the action was again dismissed on the motion of the district attorney for the purpose of further amendment of the complaint, and on the same day a new complaint was filed charging the petitioner with precisely the same offense as that charged in the two complaints previously filed and dismissed.

The complaint last filed and upon which the petitioner was tried, convicted, and sentenced charged the offense in two

separate counts, each being precisely in the same language, as follows: ". . . That said Herman Albers, on the 21st day of October, 1915, at and in the said county of Humboldt, . . . did then and there willfully and unlawfully drive and operate a motor vehicle, to wit: an automobile, at a rate of speed in excess of thirty miles an hour upon a public highway in said county," etc.

The petitioner moved to strike out the second count, which was introduced into the complaint with the language: "And for a further, separate and second count, affiant alleges," etc. The motion was denied and the petitioner then objected to the court proceeding with the trial of the case, and moved to dismiss the same on the ground that the action had not been brought to trial within sixty days after the filing of the first complaint, nor within sixty days after the filing of the second or first amended complaint. The objection and the motion were overruled and the petitioner thereupon entered a plea of not guilty and also a plea of once in jeopardy. The jury found the petitioner guilty under the second count of the complaint, but made no finding upon the plea of jeopardy and none as to the first count.

The petitioner, after verdict, moved the justice's court for a new trial, the motion was denied, and judgment thereupon rendered that he pay a fine of $75, and that in default of the payment of said fine he be imprisoned in the county jail for one day for each dollar of so much of said fine as might remain unpaid, and that he be imprisoned in the county jail for the period of twenty-five days. The petitioner then appealed to the superior court from said judgment upon questions of law alone, and said court modified the same by striking therefrom so much thereof as would have required the petitioner to suffer imprisonment in default of the payment of the fine of $75, and, as so modified, the judgment was affirmed and the appeal dismissed.

The points made in support of the application for the writ are: 1. That the justice's court exceeded its jurisdiction in permitting the district attorney to add a second count to the complaint and that, therefore, the conviction and the judgment "had and entered on such added count are clearly void"; 2. That, the petitioner having interposed a plea of "once in jeopardy," it was the duty of the jury to make a direct and specific finding on said plea, and their failure to

do so rendered their verdict and the judgment thereupon entered absolutely void; 3. That the complaint last filed did not in fact or in law constitute an amendment, but amounted in both substance and form to an entirely new complaint. And it is further declared, though the point does not appear to be pressed, that the justice's court exceeded its jurisdiction in the imposition of a penalty, in that when said court imposed a fine of $75 with the alternative of one day's imprisonment for each dollar of the fine, it exhausted its jurisdiction, and, therefore, had no jurisdiction to impose an additional punishment.

It is first to be remarked that, since the whole "controversy here presented for review was presented to the superior court, and by the judgment of that court of general jurisdiction was determined adversely to the petitioner's contention," the judgment of the latter court operates as an estoppel, and the matter so adjudicated becomes *res adjudicata,* "with all the binding force and effect by way of estoppel which attaches to every such judgment. . . . So long as the judgment of the superior court stands unassailed, that judgment formally decreeing the validity of the judgment of the justice's court cannot be ignored nor in another proceeding swept aside. The appeal from the judgment of the justice's court, heard and determined by the superior court, was in all respects the equivalent of a writ of error, and the application to this court for *certiorari* is but an attempt to obtain a second writ of error directed, not against the appellate judgment, but against the judgment of the justice's court upon matters adjudicated by a court of general jurisdiction under the first appeal or writ of error. It is well settled that this cannot be done." (*Olcese* v. *Justice's Court,* 156 Cal. 82, 86, [103 Pac. 317]; see, also, *Hayes* v. *Collins,* 114 Mass. 54; *State* v. *Water Commissioners,* 30 N. J. L. 247; *Illingworth* v. *Rich,* 58 N. J. L. 507, [34 Atl. 757].) It follows that the writ here applied for cannot be granted for the purpose of reviewing the judgment of the justice's court.

The remaining question, then, is whether the respondent, superior court, was without jurisdiction to review and enter a judgment on appeal in this case.

It is manifest that, since the law authorizes appeals to the superior courts in criminal cases of which the justices' and police courts are by law invested with jurisdiction (Pen.

Code, sec. 1466), the only ground upon which the jurisdiction of the superior court may legally be impeached and denied in any such case is either that the case is one of which the justices' courts have no jurisdiction, and in which, therefore, they have no power or authority to enter a valid or any judgment, or that the justice's court, while having jurisdiction of the offense, in some way acted beyond its jurisdiction in entering its judgment, or that the superior court had failed to acquire jurisdiction of the appeal because, in taking the appeal or attempting to do so, there had been a failure to observe some vital and necessary rule of practice or procedure in the matter of taking appeals to such courts. In this case there is no claim that jurisdiction was not acquired by reason of the omission to observe or follow in a material respect the procedure prescribed for taking appeals to the superior courts; but the whole theory is that in no event did or could the superior court have jurisdiction to hear and determine the appeal, because the justice's court in the first instance was wholly without jurisdiction of the action for the reasons above stated, and was, therefore, without authority to render the judgment which was reviewed and affirmed by the superior court.

That the sole office of the writ applied for here is to test the question of jurisdiction, is well understood. And the jurisdiction of the justice's court of the offense of which the petitioner was convicted will not and, indeed, cannot be questioned (sec. 32, act regulating motor vehicles, Stats. 1915, p. 413) ; and it is equally clear that said court acquired jurisdiction of the action, even though the complaint might not be what it ought to be as a criminal pleading.

Conceding that the justice's court improperly allowed the motions of the district attorney to dismiss the first and second complaints filed for the purpose of amending the same, and conceding that the last complaint filed and upon which the petitioner was tried, convicted, and sentenced was faulty, because it stated the offense of which the petitioner was convicted in two separate and distinct counts, and that the court erred in not granting the petitioner's motion to strike out one of the counts, still none of these matters affected the question of jurisdiction or divested the justice's court of jurisdiction of the action. They involved or amounted to mere error, reviewable and correctible only by appeal. It cannot, of

course, be doubted that, notwithstanding the alleged duplicity
of the complaint, it nevertheless stated a public offense known
to the law of this state; nor is there any possible logical
ground for holding that, merely because a criminal pleading
is amenable to the charge of duplicity, the jurisdiction of the
court of the action is ousted.   The law provides a remedy for
the correction of the defects of a complaint or an information
or an indictment, and where the court fails or refuses to heed
the objections and so to correct the defects, the action of the
court in that regard is error, correctible, as before stated, not
through the instrumentality of a jurisdictional writ, but by
review on appeal.

What is thus said applies with equal force and pertinency
to the point that the jury failed to find upon the special plea
of "once in jeopardy" interposed by the petitioner.

As to the point that the justice's court lost jurisdiction of
the action because there was a failure to bring the case to
trial within sixty days after the filing of the first or original
complaint or after the filing of the purported first amended
complaint, a reply thereto is that section 1382 of the Penal
Code, upon the terms of which the petitioner bases his claim
in that particular, is applicable alone to criminal cases prose-
cuted by indictment or information, and has no reference to
the trial of low-grade misdemeanor cases cognizable in jus-
tices' and police courts.

It thus being shown that the justice's court had the author-
ity to render judgment against the petitioner in the action
before it, there is, obviously, no ground upon which it can
be maintained that the respondent, superior court, was with-
out jurisdiction to review said judgment on appeal.

The application for the alternative writ is, accordingly,
denied.

Chipman, P. J., and Ellison, J., *pro tem.,* concurred.