[Civ. No. 2495.   Third Appellate District.—May 27, 1922.]

## PETE BOGMUDA, Petitioner, v. D. M. YOUNG, as Judge, etc., Respondent.

[1] JUSTICE'S COURT APPEAL—JURISDICTION OF PERSON—PLEADING—EFFECT OF—CERTIORARI.—Where a defendant in a justice's court action by his answer tenders the issue that his residence is not in the county in which he is sued, and thereafter appeals to the superior court from the judgment rendered against him, the latter court has jurisdiction to determine such issue, and it must be presumed on *certiorari*, in the absence of a showing to the contrary, that there was evidence to support the judgment.

APPLICATION for Writ of Certiorari to review a judgment on a Justice's Court appeal.   Denied.

The facts are stated in the opinion of the court.

G. C. Allen and A. H. Carpenter for Petitioner.

FINCH, P. J.—Petitioner asks this court to review the proceedings in the superior court of San Joaquin County in a cause wherein F. D. Hart was plaintiff and petitioner was defendant.

It is alleged that Hart brought an action against petitioner in Stockton township and in the complaint therein averred "that within two years last past said plaintiff rendered labor to said defendant, at the latter's special instance and request, in the agreed value of $325; that upon said amount the sum of $100 has been paid, leaving due the sum of $225, no part of which has been paid"; that summons was duly issued and served upon petitioner; "that

thereafter, in obedience to said summons and not voluntarily'' the petitioner demurred to the complaint on the grounds ''that the court has no jurisdiction either of the person of the defendant or the subject matter of the action,'' and that the ''complaint does not state facts sufficient to constitute a cause of action''; that the court overruled the demurrer and the defendant answered, alleging ''that the court has no jurisdiction of the person of the defendant or of the subject matter of the action for the reason that the defendant is not, and never was, a resident of the said Stockton township, and the alleged contract to pay for the said pretended work and labor specified in said complaint, was not made in said Stockton township nor to be performed therein,'' denying the allegations of the complaint, and pleading a settlement and payment of the alleged indebtedness; that ''at the trial of said cause in the justice's court the defendant called the attention of the justice to the fact that it had no jurisdiction of the subject matter of the action or of the person of the defendant, and objected to the justice's court determining any question but that of jurisdiction. The justice's court then and there overruled the defendant's objection . . . and rendered judgment against the defendant''; that the defendant appealed from such judgment ''upon questions of both law and fact''; that in the superior court ''the defendant . . . called the attention of said court to the fact that neither the justice's court nor the said superior court had jurisdiction of the subject matter of the action or of the person of the defendant, and then and there objected to the court determining any question but that of jurisdiction, but the defendant, as the judge of the said superior court, overruled the defendant's said objection and rendered judgment against said defendant''; that ''neither the said justice's court nor the said superior court had jurisdiction in said case of the subject matter of the action or of the person of the defendant, for the reason that it does not appear on the face of the complaint, or in the judgments entered therein, or in any of the records of said case, that either the said justice's court . . . or the said superior court . . . had jurisdiction of the subject matter of the action . . . or jurisdiction of the person of the defendant.''

[1]  Proof that a defendant resides in a judicial township in which he is sued is jurisdictional but it is not required that the fact of such residence shall "appear on the face of the complaint, or in the judgment entered therein, or in any of the records" in the case.  (*Jolley* v. *Foltz,* 34 Cal. 321.  See, also, *In re Williams,* 102 Cal. 70 [41 Am. St. Rep. 163, 36 Pac. 407].)  By his answer the defendant tendered the issue that his residence was not in Stockton township.  By his appeal he asked the superior court to decide that issue.  The court certainly had jurisdiction to determine the question thus raised.  It does not appear from the petition that the court decided the question against petitioner's contention on insufficient evidence or without an opportunity to prove his place of residence.  It must be presumed that there was evidence to support the judgment, even if the sufficiency of the evidence could be inquired into in this proceeding.

Petitioner relies on the case of *Holbrook* v. *Superior Court,* 106 Cal. 589 [39 Pac. 936], in support of his contention that the defense of want of jurisdiction can be raised by answer.  At the time that case was decided section 890, subdivision 4, of the Code of Civil Procedure provided for the dismissal of an action "when it is objected at the trial, and appears by the evidence, that the action is brought in the wrong county, or township, or city."  In 1905, subdivision 4 was amended to provide for a dismissal "when the action is brought in the wrong county, or township, or city" and it is silent as to the manner in which the question may be raised.  In *Vance* v. *Superior Court,* 48 Cal. App. 327 [191 Pac. 945], where the facts were similar to those here, the court said: "By his general appearance in the justice's and superior court petitioner waived his right to raise the question of jurisdiction," citing *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317], and *American Law Book Co.* v. *Superior Court,* 164 Cal. 327 [128 Pac. 921].  (See, also, *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053].)  The provision of section 832 of the Code of Civil Procedure to the effect that actions such as that here involved must be commenced and tried "in the township or city in which the defendant resides" relates to the jurisdiction over the person of the defendant.  (*Ohio Southern R. Co.* v. *Morey,* 47 Ohio St. 207 [7 L. R. A. 701, 24 N. E.

269].) This proceeding is sought to review the action of the superior court, not that of the justice's court. "This court has never recognized the right of a petitioner to writ of *certiorari* to review the judgment of a justice's court after appeal taken and determined in the superior court." (*Olcese* v. *Justice's Court, supra.*) "By its appeal to the superior court the petitioner submitted the question of want of jurisdiction of its person to the superior court and . . . the tribunal to which the appeal was thus prosecuted had the right to decide that question incorrectly as well as correctly." (*American Law Book Co.* v. *Superior Court, supra.*) "If such tribunal has regularly pursued its authority, our inquiry stops." (*Matter of Hughes,* 159 Cal. 360, 363 [113 Pac. 684, 686].) It does not appear from the petition herein that the superior court did not regularly pursue its authority.

The petition is denied.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1922.

All the Justices concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.