[Civ. No. 3006.   Third Appellate District.—August 20, 1925.]

THOMAS DE MATEI et al., Petitioners, v. THE SUPERIOR COURT OF LAKE COUNTY et al., Respondents.

[1] JURISDICTION—JUSTICE'S COURT APPEAL—ERRONEOUS DECISION—CERTIORARI.—Where the superior court acquires jurisdiction of an appeal from a judgment of a justice's court, it has the jurisdiction to commit error as well as not to do so, and any error which it might commit in disposing of the appeal cannot be reviewed through or by means of a jurisdictional writ.

[2] ID.—APPEAL—VOLUNTARY SUBMISSION TO JURISDICTION.—Conceding that the justice's court, which had jurisdiction of the subject matter of the action, never acquired jurisdiction of the persons of the defendants, the latter submitted themselves or their persons to the jurisdiction of the superior court by their act of taking an appeal to the superior court from the judgment of the justice's court.

[3] ID.—JUSTICE'S COURT APPEAL—CERTIORARI.—The writ of *certiorari* will not lie to review the judgment of a justice's court after appeal taken and determined in the superior court.

(1) 11 C. J., p. 97, n. 49.   (2) 11 C. J., p. 105, n. 55.   (3) 11 C. J., p. 195, n. 70.

PROCEEDING in Certiorari to review a judgment of the Superior Court of Lake County, and M. S. Sayre, Judge thereof, affirming a Justice's Court judgment. Peremptory writ denied.

The facts are stated in the opinion of the court.

Joseph C. Meyerstein and Frank P. Webster for Petitioners.

W. H. Hazell for Respondents.

1.  See 4 Cal. Jur. 1024.
2.  Appeal by party irregularly served as constituting an appearance binding him as to subsequent proceedings, note, **Ann. Cas.** 1912D, 411.
3.  See 4 Cal. Jur. 1042.

HART, J.—Application for a writ of review· to have annulled and set aside a certain judgment of the respondent court affirming the judgment of the justice's court of township No. 4, in the county of Lake, in favor of C. E. Colwell and against the petitioners and one George A. Disselmeyer, in an action in which the first-named was plaintiff and the three last-named were defendants. Some of the proceedings which took place in the said justice's court in said action and those which took place in the respondent court are accurately set forth in the petition filed herein as follows:

"On the 27th day of January, 1925, one C. E. Colwell filed in the Justice's Court of No. Four Township, County of Lake, a complaint against your petitioners and one George A. Disselmeyer, for goods sold and delivered. A copy of said complaint and summons issued thereon were served on one of your petitioners on the 2nd day of February, 1925, at the City and County of San Francisco, State of California. The complaint contained no allegation that any of the defendants were residents of the County of Lake, at any time, nor that the defendants, or either of them, contracted in writing to perform an obligation at a particular place (Lake County). In due time your petitioner specially appeared in the said Justice's Court by motion, supported by an affidavit, for the sole purpose of quashing the service of the summons upon your petitioners, for the reason that your petitioners have not at any time resided in the County of Lake and that said action was not one brought against defendants who have contracted in writing to perform an obligation at a particular place and that therefore the Court had no jurisdiction of the person of these defendants. The Justice's Court denied the motion and your petitioners declining to proceed further, judgment by default was entered against them. From said judgment, in due time, your petitioners presented their appeal to the Superior Court of the State of California in and for the County of Lake, upon questions of law. The Superior Court of the County of Lake affirmed the said judgment of the Justice's Court."

The petitioners here claim, as they allege in their petition, that, in affirming the judgment of the said justice's

court in said action, the respondent Court acted in excess of its jurisdiction.

The plaintiff in said action, C. E. Colwell, filed and noticed a motion to dismiss the appeal on the ground, among others, that the purported undertaking on appeal was insufficient to support the appeal.

The learned trial judge, in a written opinion, which is incorporated into and brought up with the record constituting the return to the order to show cause issued herein by this court, declared that, while the point that the undertaking was in law wholly insufficient as such an instrument was well taken, he preferred to review and dispose of the appeal on its merits, and so affirmed the judgment upon the theory and the conclusion that it sufficiently appeared upon the face of the record in the action that the defendant Disselmeyer, at the time the action was brought and service of process was made upon him, was a resident of the county of Lake.

The specific contention of the petitioners is that the justice's court from which the appeal was taken did not obtain jurisdiction of their persons, and that, inasmuch as such jurisdiction is not made affirmatively to appear by or from the proceedings before said court, and that such jurisdiction in the justice's court cannot be presumed, since the rule is that no presumption can be indulged in favor or support of such jurisdiction, there was upon the record no other alternative left to the respondent Court but to reverse the judgment.

[1] Admittedly the justice's court had jurisdiction of the subject matter of the action, and it is equally true that, if the respondent Court acquired jurisdiction of the appeal, any errors which it might have committed in disposing thereof cannot be reviewed through or by means of a jurisdictional writ. This is elementary. As the cases put the proposition, when a tribunal or board exercising judicial functions has lawful cognizance of a case or proceeding, it has the jurisdiction (not the *right,* as it has been carelessly stated) to make error as well as not to do so. This statement simply means that, as above stated, error thus committed is not subject to review by a higher court through the agency of a writ whose sole and only purpose is to determine the question whether the judicial act done and objected to was within the lawful jurisdiction of the tribunal to do.

[2]   In the present case, even if, in point of fact, it be
true, as is the claim, that the justice's court never acquired
jurisdiction of the persons of the petitioners, the latter
certainly submitted themselves or their persons to the juris-
diction of the respondent Court by the very act of taking
the appeal from the judgment of the justice's court.   If
this were not true, there would be presented the very novel
and, indeed, absurd, situation in which the Superior Court,
in the exercise of its appellate jurisdiction in the case,
would be limited to the doing of one or two things, viz.:
Reverse the judgment or dismiss the action.   In truth, the
necessary assumption of the petitioners herein is that the
Superior Court has jurisdiction to reverse the judgment,
but is without jurisdiction to affirm it, the practical
effect of which position is that, in such a situation as is
presented here, the appellant would have in his power to
control the discretion of the Superior Court in the decision
of the appeal.   Or, as one of our cases has well inter-
preted a like position taken by the appellant on an ap-
peal from the justice's court to the superior court, he thus
was asking the supreme court to restrain the superior
court "from trying (and determining) the appeal which he
was prosecuting." (*Sanborn* v. *Superior Court,* 60 Cal.
425.)

[3]   But it is well settled, at least in this state, that the
writ of *certiorari* will not lie "to review the judgment of a
Justice's Court after appeal taken and determined in the
Superior Court." (*Olcese* v. *Superior Court,* 156 Cal. 82,
86 [103 Pac. 317].)   In that case, an attempt was made
to have reviewed by *certiorari* a judgment of the superior
court affirming the judgment of the justice's court in an
action sounding in contract in which the complaint failed
to show that the contract was not in writing, the contention
being that the petitioner, who was a resident of a county
other than that in which the action was brought, could
not legally be served with summons unless the contract was
shown to be in writing and that, for that reason, the jus-
tice's court never acquired jurisdiction of the person of the
defendant.   The supreme court gave an extended considera-
tion to the question whether the writ of review may be used
for the purpose of reviewing a judgment of a justice's
court after an appeal to and the determination thereof by

the superior court by directing the writ to the latter court. It was held therein that the defendant in the justice's court, by taking an appeal to the superior court, submitted his person to the jurisdiction of said court; and said court being one of general jurisdiction and empowered to pass upon the law and the facts of the case, its determination thereof was *res adjudicata* and operated as an estoppel. It is further stated in that case that an appeal from a justice's court is tantamount to a writ of error, and that to sanction the review of the decision of the superior court on the appeal would in effect amount to the entertainment of a second writ of error aimed at the judgment of the justice's court, a procedure which is, of course, not allowable. (See, also, *American Law Book Co.* v. *Superior Court,* 164 Cal. 327 [128 Pac. 921]; *Albers* v. *Superior Court,* 30 Cal. App. 772, 775 [159 Pac. 453]; *Bogmuda* v. *Young,* 58 Cal. App. 19 [207 Pac. 915].) Attention, however, is called to a distinction between the case of *Olcese* v. *Superior Court* and the present case in this: That in the former the appearance of the defendant in the justice's court was general, while in the present case the appearance of the defendants in the justice's court was special, or for the single purpose of challenging the authority of said court to proceed with the hearing of the case or to attempt to entertain jurisdiction thereof on the ground that it (justice's court) had never acquired jurisdiction of their persons. But this distinction does not in the slightest degree detract from the force of the proposition that, in taking the appeal, the petitioners as effectually submitted themselves or their persons to the jurisdiction of the superior court as if they had made a general appearance in the justice's court. In fact, as before stated, by taking the appeal they, in effect, asked the Superior Court, in the exercise of its appellate jurisdiction in said case, to relieve them from the effect of what they regarded as an illegal usurpation by the justice's court of jurisdiction of their persons, and, in doing this, they, by the very logic of the situation, submitted themselves to the lawful cognizance of said Court for all the essential purposes of the appeal. But the identical point has previously been made and the validity thereof denied. In *American Law Book Co.* v. *Superior Court, supra,* the point

now in hand, as well as others pertinent to the consideration of the ultimate question submitted for decision herein, is interestingly discussed and disposed of. We refer to that case and others cited in the opinion as decisive of the point adversely to the position of the petitioners thereon.

The order to show cause is discharged and the application for a peremptory writ denied.

Finch, P. J., concurred.

Petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 19, 1925.

All the Justices concurred.