[Civ. No. 4960. ·Third Appellate District.—June 22, 1933.]

A. H. BEHRENS et al., Petitioners, v. SUPERIOR COURT OF YUBA COUNTY, Respondent.

Fred M. Harter for Petitioners.

W. C. Rucker for Respondent.

PLUMMER, J.—This cause is before us upon a petition for a writ of *certiorari* to be directed to the above-named Superior Court, for the purpose of reviewing a certain judgment entered in said court wherein one J. E. Pauly was plaintiff and A. H. Behrens, G & H Commercial· Service, Inc., and Fred M. Harter and Bruce Goodman were defendants.

It appears from the petition and return that on or about the twelfth day of May, 1932, an action was begun in the Justice's Court of Camptonville Township, County of Yuba, by J. E. Pauly against the petitioners herein. Judgment went for the plaintiff Pauly against the petitioners in the action just referred to, and upon appeal to the Superior Court of the County of Yuba, the judgment of the justice's court was affirmed.

Upon this hearing it is contended that neither the justice's court nor the superior court had jurisdiction of the action by reason of the alleged failure of the complaint to state a cause of action against the petitioners herein. The complaint in the justice's court in the action referred to herein is as follows, to wit:

"In the Justice's Court of Camptonville Township, County of Yuba, State of California.

J. E. Pauly,

Plaintiff,

vs.

A. H. Behrens, G & H Commercial Service, Inc., Fred M. Harter & Bruce Goodman,

Defendants.

Complaint.

"The plaintiff in the above-entitled action complains of the defendants above named, and, for cause of action, alleges:

"I.

"That said plaintiff now is, and that at all times herein mentioned, and previously, the owner of a garage situated on the south side of Main Street, in the town of Camptonville, County of Yuba, State of California, and said garage has been available for automobile storage at any and all times.

"II.

"That on the 18th day of June, 1931, one of the defendants, A. H. Behrens, Constable of Camptonville Township, upon written request of the G & H Commercial Service, Inc., came to the plaintiff and gave orders to him to keep an old Studebaker Touring car belonging to E. H. Hays, and being a part of a legal action of the G & H Commercial Service

against the owner, stored and in safe keeping until released by above-named constable.

"III.

"That upon completion of arrangements between plaintiff and constable, the plaintiff changed the locks on the door and kept the car in storage for nine months, as ordered by constable and until released by constable on April 8, 1932.

"IV.

"That during the time the car was being thus stored, it was occupying room that was needed by said plaintiff for other purposes.

"V.

"That the regular and competitive price prevalent in the town of Camptonville for dead storage on automobiles by the month is five dollars ($5.00). And, that due to the fact that one of the defendants, Bruce Goodman, pleaded with plaintiff, due to the failure to satisfy claim in original suit with E. H. Hays, to reduce the storage charge, wherein said plaintiff made a reduction of from five dollars per month, to three ($3.00) per month.

"WHEREFORE, plaintiff prays judgment against the defendants for the sum of twenty-seven Dollars ($27.00) storage charge, interest, costs of suit, and for such other relief as may be meet, just and proper.

"J. E. PAULY, Plaintiff."

The record further shows that the petitioners in the action referred to, upon appearing, moved for a change of venue, and likewise demurred to the sufficiency of the complaint. The motion for change of venue was denied and the demurrer to the complaint was overruled. The appeal from the justice's court presented for consideration the same questions which are set forth in the petition for the writ of review.

The reading of the complaint filed in the justice's court shows that the justice's court had jurisdiction of the parties to the action, and also had jurisdiction of the subject matter of the action. The question involved was the amount of money that should be paid for the storage of a certain automobile, the demand being limited to the sum of $27, which, of course, was considerably below the $300 limit of the jurisdiction of the court in which the action was pending.

While it may be admitted that the complaint did not state a cause of action, it did set forth the subject matter of the action, to wit, the amount of money due for storage of an automobile, and also the demand made by the plaintiff, to wit, that the plaintiff should have judgment against the defendants for the sum of $27. The defendants in the action were thus advised of the cause of action and the demand of the plaintiff. The law makes a distinction between a complaint which does not state a cause of action by reason of defects in the allegations therein contained, where the court has jurisdiction of the subject matter of the action, and cases where the court has no jurisdiction of the subject matter. If it appears from the complaint that the court had no jurisdiction of the subject matter, the judgment of course is void, but if the court has jurisdiction of the subject matter, its ruling upon demurrer as to the sufficiency of the complaint constitutes only error in procedure in the trial of the action and not any action wherein lack of jurisdiction is involved.

In the recent case of *Associated Oil Co.* v. *Mullin,* 110 Cal. App. 385 [294 Pac. 421], the law in relation to the questions which we are considering is so fully and conclusively set forth that we quote therefrom the following as decisive in this case: "It is essential to jurisdiction that there be some proper application invoking the judicial power of the court in respect to the matters sought to be litigated (*Young* v. *Rosenbaum,* 39 Cal. 646; *Tinn* v. *United States District Attorney,* 148 Cal. 773 [113 Am. St. Rep. 364, 84 Pac. 152]); but if a complaint shows a subject matter and a demand for relief within the jurisdiction of the court the mere fact that it fails to state a cause of action does not render the judgment void and subject to collateral attack (*Gillespie* v. *Fender,* 180 Cal. 202 [180 Pac. 332]); or, as the rule is stated in *Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27], a judgment is not void if the court has jurisdiction of the parties and subject matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of plaintiff's demand. This rule applies both to contested cases (*Le Mesnager* v. *Variel,* 144 Cal. 463 [103 Am. St. Rep. 91, 77 Pac. 988]), and to default judgments in other respects valid (*Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *Christerson* v.

*French, supra*). It has also been held that a judgment rendered against a person who has voluntarily appeared in the action as a defendant is not void so as to be collaterally assailable, although his name was not inserted in the complaint and no order granting leave to appear and answer is contained in the record (*Tyrrell* v. *Baldwin*, 67 Cal. 1 [6 Pac. 867])."

To the same effect is the case of *Roemer* v. *Nunes*, 73 Cal. App. 368 [238 Pac. 820], where it was held that a judgment is not void because the complaint fails to state a cause of action so long as the court has jurisdiction of the subject matter, and also of the parties. See, also, the case of *De Matei* v. *Superior Court*, 74 Cal. App. 147 [239 Pac. 853].

Irrespective of what courts have decided in other states upon the questions here involved, the cases which we have cited are conclusive here.

The writ is denied and the judgment affirmed.

Thompson, J., and Pullen, P. J., concurred.