[Civ. No. 4922. Third Appellate District.—June 26, 1933.]

O. E. MEADS, Petitioner, v. J. T. B. WARNE, as Judge, etc., Respondent.

A. H. Carpenter for Petitioner.

Virgil M. Airola, District Attorney, for Respondent.

PULLEN, P. J.—An action was commenced against O. E. Meads as defendant in the Small Claims Court of San Andreas Township, County of Calaveras, for the recovery of an amount within the jurisdiction of that court.

The defendant appeared and after the taking of testimony upon behalf of both sides, a judgment was rendered in favor of plaintiff and against the defendant therein.

Thereafter the defendant appealed from the judgment of the small claims court to the Superior Court of Calaveras County, and there answering, objected to the jurisdiction of the court to proceed with the matter on the ground that defendant was not at the time of commencement of the action in the small claims court, and never was a resident of San Andreas township, but at the commencement of the action, and at the time of the appeal, was a resident of. the county of San Joaquin. Upon that issue and special appearance, the superior court found against the defendant Meads and judgment was entered accordingly. Thereupon defendant Meads sought by this writ of review to test the jurisdiction of the court and the validity of the judgment so given.

Petitioner contends that the small claims court had no jurisdiction of the action against him. Let us, without determining that fact, assume that to be true; nevertheless by the taking of the appeal to the superior court the defendant submitted himself to the jurisdiction of that tribunal, and the issues there presented having been determined by a court having jurisdiction, a writ of review will not lie to this court.

The case of *De Matei* v. *Superior Court,* 74 Cal. App. 147 [239 Pac. 853, 854], arose from a Justice's Court in Lake County wherein an action was brought for goods sold and delivered. The complaint was served on one of the petition-

ers in the city and county of San Francisco. No allegation was contained in the complaint that any of the defendants were residents of the county of Lake nor that defendants or either of them, contracted in writing to perform the obligation in the county of Lake. In due time the petitioner moved to quash the service of summons claiming the court had no jurisdiction. The justice's court ruled against petitioner, and he, refusing to proceed further, his default was entered. From said judgment by default petitioner appealed to the superior court and in time that court affirmed the ruling of the justice's court. Thereupon petitioner by a writ of *certiorari* sought to review the judgment of the superior court, claiming that court acted in excess of its jurisdiction.

Mr. Justice Hart, for the court, said:

"In the present case, even if, in point of fact, it be true, as is the claim, that the justice's court never acquired jurisdiction of the persons of the petitioners, the latter certainly submitted themselves or their persons to the jurisdiction of the respondent court by the very act of taking the appeal from the judgment of the justice's court. If this were not true, there would be presented the very novel and, indeed, absurd, situation in which the superior court, in the exercise of its appellate jurisdiction in the case, would be limited to the doing of one of two things, viz.: Reverse the judgment or dismiss the action. In truth, the necessary assumption of the petitioners herein is that the superior court has jurisdiction to reverse the judgment, but is without jurisdiction to affirm it, the practical effect of which position is that, in such a situation as is presented here, the appellant would have in his power to control the discretion of the superior court in the decision of the appeal. Or, as one of our cases has well interpreted a like position taken by the appellant on an appeal from the justice's court to the superior court, he thus was asking the Supreme Court to restrain the superior court 'from trying (and determining) the appeal which he was prosecuting.' (*Sanborn* v. *Superior Court,* 60 Cal. 425.)

"But it is well settled, at least in this state, that the writ of *certiorari* will not lie 'to review the judgment of a justice's court after appeal taken and determined in the superior court'. (*Olcese* v. *Superior Court,* 156 Cal. 82, 86

[103 Pac. 317].) . . . It was held therein that the defendant in the justice's court, by taking an appeal to the superior court, submitted his person to the jurisdiction of said court; and said court being one of general jurisdiction and empowered to pass upon the law and the facts of the case, its determination thereof was *res adjudicata* and operated as an estoppel. It is further stated in that case that an appeal from a justice's court is tantamount to a writ of error, and that to sanction the review of the decision of the superior court on the appeal would in effect amount to the entertainment of a second writ of error aimed at the judgment of the justice's court, a procedure which is, of course, not allowable. (See, also, *American Law Book Co.* v. *Superior Court,* 164 Cal. 327 [128 Pac. 921]; *Albers* v. *Superior Court,* 30 Cal. App. 772, 775 [159 Pac. 453]; *Bogmuda* v. *Young,* 58 Cal. App. 19 [207 Pac. 915].)''

This court, in the case of *Behrens* v. *Superior Court,* 132 Cal. App. 704 [23 Pac. (2d) 428], had a somewhat similar situation under consideration, and there authorities which are applicable to this case are assembled and considered.

We are therefore of the opinion that petitioner, having submitted himself to the jurisdiction of the superior court, has had his day, and we cannot through a writ of *certiorari* again review the issues presented by him.

The judgment of the superior court is affirmed.

Thompson, J., and Plummer, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1933.